Vacated and Dismissed and Memorandum Opinion filed August 30, 2007








Vacated and
Dismissed and Memorandum Opinion filed August 30, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-01023-CV

____________

 

VIRGINIA PIERSON, Appellant

 

V.

 

THERESA REYNOLDS, Appellee

 



 

On Appeal from the County
Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 874973

 



 

M E M O R A N D U M   O P I N I O N

In this forcible detainer action, Virginia Pierson appeals
from a judgment awarding possession of an apartment to Theresa Reynolds on
several grounds.  Because Pierson (1) has relinquished possession of the
apartment and (2) has not referenced any evidence on which to base a claim that
she is entitled to current immediate possession of the apartment, we vacate the
trial court=s judgment and dismiss this case as moot.








I.        Factual
and Procedural Background

Appellant Virginia Pierson occupied an apartment rent-free
in return for collecting rent payments from the other tenants in a building
owned by Theresa Reynolds.  On August 1, 2006, Reynolds advised Pierson in
writing that Pierson should no longer collect any rent from Reynolds= tenants and Astart planning on
moving elsewhere in the very near future.@  On August 2,
2006, Reynolds provided written notice to Pierson that their oral agreement Amade in 2002 in
which it was agreed [Pierson] would act as manager for [Reynolds= four] apartment
complex@ was terminated. 
Pierson was given thirty days to vacate the apartment on August 3, 2006.  On
September 6, 2006, Reynolds filed an eviction petition in the Harris County
Precinct 2 Justice Court.  After the justice court awarded possession to
Reynolds, Pierson appealed to county court.[1] 


Pierson filed an answer in county court, alleging Reynolds
had violated an oral agreement to provide a permanent place for Pierson to live
in return for Pierson=s assistance in managing and
rehabilitating Reynolds= property.  Pierson also contended that
Reynolds violated her oral promise to repair damage to Pierson=s apartment, and
that Reynolds= decision to evict Pierson was in response to Pierson=s demands that
Reynolds honor her promise to rehabilitate Pierson=s apartment. 
Pierson further alleged that Reynolds sought to evict her because Pierson=s husband, Robert
Pierson, had reported an incident involving alleged insurance fraud by
Reynolds.  Finally, Pierson asserted what she termed a counter claim,
requesting that the court:

quash this suit and . . . make
whole [Pierson] for [Reynolds=] breach of [their] legally binding verbal contract, which [Reynolds]
terminated in writing, without explanation in a letter dated August 2, 2006, in
order to fraudulently breech [sic] an agreement voluntarily entered into by
both parties.  The defendant cites the Texas Fair Trade Practices Act or any
other statutes the court may deem just and fair in this matter.

 








After
a trial de novo to the bench, the trial court awarded possession of the
premises to Reynolds on November 8, 2006, noting in its judgment that a writ of
possession could issue in thirty days.[2] 
This appeal timely followed. 

II.       Mootness

A forcible detainer action is intended to be a quick,
simple, and inexpensive way to obtain immediate possession of property.  Marshall
v. Hous. Auth. of San Antonio, 198 S.W.3d 782, 787 (Tex. 2006).  Because
the only issue in such an action is the right to actual possession of the
premises, it is not intended to be a final determination of whether an eviction
is wrongful.  See id. at 785B87.  The Texas
Supreme Court has held that when a tenant no longer lives in an apartment and
has no basis for claiming a current right to possession, a forcible detainer
action may be rendered moot.  See id. at 787.  Although Reynolds
does not contest our jurisdiction over this matter, we have a duty to consider
if we have jurisdiction over a matter before us.  See Kennedy v. Andover
Place Apartments, 203 S.W.3d 496, 497 (Tex. App.CHouston [14th
Dist.] 2006, no pet.).  Pierson has notified this court that she has moved out
of the apartment upon which the forcible detainer action was based.  Thus,
based on the Texas Supreme Court authority cited above, we must first consider
whether Pierson has asserted any basis for a current right to possession so
that her appeal has not been rendered moot.  See Marshall, 198 S.W.3d at
787.








Pierson presents the following issues for our review: (1)
the trial court erred by acting as both judge and attorney for Reynolds; (2)
the trial court intentionally destroyed evidence produced at trial; (3) the
trial court refused to allow a party to the suit (Robert Pierson) to defend
himself or cross-examine Reynolds; (4) the trial court allowed Reynolds to
slander Robert Pierson; (5) the trial court=s decision was
contrary to the law; and (6) the trial court failed to rule on Pierson=s motion for
relief presented without objection.[3] 
None of these complaints have any bearing on Pierson=s right to actual
possession of the premises, nor does appellant=s briefing to this
court shed further light on this issue.  

Moreover, Pierson=s claim that
Reynolds violated their Alegally binding verbal contract@ is not supported
by our record.  Instead, the record reflects that Reynolds provided written
notice to Pierson terminating their oral management agreement and provided
Pierson thirty days in which to vacate the apartment prior to filing her
eviction petition.  Pierson has not claimed or offered any evidence that she
occupied this apartment under any sort of lease, written or oral, requiring
more than thirty days= notice to terminate.  Under these
circumstances, we discern no legal basis under which Pierson may successfully
assert a current right to possession of the apartment, and she has raised
none.  Thus, because Pierson has vacated the premises and has no bases on which
to assert a current right to possession, this appeal of the forcible detainer
action has been rendered moot.  See id. at 787B90.  Accordingly,
we vacate the trial court=s judgment and dismiss this appeal as
moot.  See id. at 787.








III.      Conclusion

Pierson=s appeal is moot as to the issue of
possession and no exception applies to warrant consideration of this appeal on
its merits.  We vacate the trial court=s judgment, and
dismiss this appeal as moot.

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 30, 2007.

Panel consists of
Justices Anderson, Fowler, and Frost.









[1]  An appeal bond was set at $720.00, but Pierson filed an uncontested
Affidavit of Inability to Pay Costs for Appeal.  





[2]  Although Robert Pierson=s name appears on the notice of appeal, the judgment
of the county civil court at law was against Virginia Pierson only. 





[3] Contrary to the first, third, and fourth issues,
which we construe as complaints regarding the overall fairness of the trial
court proceedings, our review of the record indicates the trial judge attempted
to craft an equitable solution in the face of the parties= open animosity and hostility towards each other and
their seemingly limited understanding of the judicial process.  Those items
that Pierson asserts were intentionally destroyed or are missing from the
recordCi.e., her
answer, her pauper=s affidavit, and her motion for reliefCare all actually included in our record. 
Additionally, Pierson=s motion for relief was presented to the trial court
at the conclusion of the bench trial.  Nothing indicates that this motion was
properly filed with the trial court, and it was instead entered into evidence
as an exhibit without objection by either party.  After carefully reviewing the
record in this case, we are satisfied that these complaints are without merit. 
Moreover, Pierson cites no legal authority in support of any of these issues,
nor has she provided any citations to the record.  See Tex. R. App. P. 38.1(f), (h).  Under
these circumstances, none of these issues suffice to breathe life into an
appeal that has been otherwise rendered moot.  Cf. Marshall, 198 S.W.3d
at787B90.