COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-330-CV

MORGAN MITZ APPELLANT

V.

KAY BISHOP APPELLEE

------------

FROM COUNTY COURT AT LAW OF COOKE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Morgan Mitz appeals from a judgment of eviction for breach of her residential lease agreement with Appellee Kay Bishop.  In five issues, Appellant argues that (1) she was denied due process and that the trial judge’s conduct gave the appearance of judicial impropriety; (2) the trial court’s erroneous interpretation of the rental agreement between the parties is unconstitutional because it violates her equal rights under the law and the judgment does not meet the requirements of rule 301 of the Texas Rules of Civil Procedure; (3) the trial judge erred by refusing to consider evidence of retaliation as a defense; (4) the evidence is legally insufficient to support the judgment; and (5) the evidence is factually insufficient to support the judgment.  Because we hold that the lease has now ended by its own terms, we dismiss the appeal as moot.

Appellant as tenant and Appellee as landlord entered into a written residential lease agreement, drafted by Appellant, on November 17, 2005.  Appellee lives next to the rental property.  On May 12, 2006, Appellee filed a forcible detainer suit in the justice court.  After the trial court granted judgment in Appellee’s favor, Appellant appealed the judgment to the county court. Both Appellant and Appellee testified at the trial in the county court.  According to testimony, on November 27, 2005, Appellee’s husband entered the rental property at Appellant’s request to replace the hot water heater.  Appellee also entered the property at that time, and Appellant asked her to leave.  According to Appellee, she was on the property to assist her husband with the repair.  On another date, Appellant complained to Appellee about the plumbing.  Appellee’s husband went to the property to investigate the problem, and Appellant denied him access to the premises.  Appellee also testified that she called the police on numerous occasions to complain about noise coming from the rental property.

The trial court granted judgment for Appellee on June 30, 2006.  In its findings of fact and conclusions of law, the trial court stated that Appellant had violated paragraph ten of the lease agreement by unreasonably withholding consent for Appellee to be on the property when Appellee was there to assist in repairs.  The court further found that Appellant had repeatedly called, or caused to be called, the police to the rental property to answer complaints or enforce legal rights and that this action violated paragraph eleven of the lease agreement because Appellant’s actions disturbed her neighbor Appellee’s peaceful enjoyment.  Finally, the court found that Appellee gave Appellant proper notice that the lease was to be terminated and that Appellant should vacate the property.  Appellant then filed this appeal.

Appellee filed a motion to dismiss this appeal as moot on the ground that the lease terminated by its own terms on April 1, 2007.  Appellant argues in her response that the lease has not terminated.

The relevant lease terms are as follows:

1.  TERMS:  TENANT agrees to pay in advance 
$325.00
 per month on the 
FIRST
 day of each month, per the terms of the “SPECIAL CONDITIONS” (See #9 of this agreement.)  This agreement shall commence on 
NOV. 17, 2005
 and continue until 
APRIL 1, 2007
 on a month-to-month tenancy according to the terms of the “SPECIAL CONDITIONS.”

. . . . 

9.  
SPECIAL CONDITIONS
:  . . . Tenant will have the right to rent said property at a fixed rate of $325.00 per month till April 1, 2007.  Tenant may terminate this agreement with a 30 day written notice till April 1, 2007, after this date either party may terminate with a 30 day notice.  The Landlord may terminate this agreement with a 30 day notice before this date 
ONLY IF THE TENANT DEFAULTS ON THE TERMS OF THIS AGREEMENT
.

Neither party claims that the lease in this case is ambiguous.  The Texas Supreme Court has made clear our duty when construing an unambiguous lease:

Construing an unambiguous lease is a question of law for the Court. . . .  In construing an unambiguous lease, our primary duty is to ascertain the parties' intent as expressed within the lease's four corners.  We give the lease's language its plain, grammatical meaning unless doing so would clearly defeat the parties' intentions.  We examine the entire lease and attempt to harmonize all its parts, even if different parts appear contradictory or inconsistent.
(footnote: 2)

Appellant in this case drafted a lease that bound Appellee to a specified term set out in paragraph one of the lease, unless Appellant breached the lease, in which case Appellee could terminate the lease upon thirty days’ notice.  Under the lease, Appellant could terminate the lease early for any reason upon thirty days’ notice.  At the end of the specified term, however, the lease became terminable by either party upon thirty days’ notice.
(footnote: 3)  Although the lease states that the tenant must give written notice to terminate the lease, it does not specify the form of notice that must be given by the landlord.

This appeal was submitted to this court after April 1, 2007; thus, the initial lease term in paragraph one of the lease has ended.  If neither Appellant nor Appellee has given thirty days’ notice of termination to the other, then the lease is continuing on a month-to-month basis.  If either party has given the requisite notice, then the lease has ended and this appeal is moot.
(footnote: 4)
 In her brief, Appellant notes that she initially received from Appellee notice to terminate because of default on March 20, 2006, and April 20, 2006 (the letters are dated March 20, 2006 and April 21, 2006).  Further, the trial court found that Appellee gave Appellant proper notice that the lease was to be terminated.  Appellant does not challenge that finding on appeal.

To her response to Appellee’s motion to dismiss, Appellant attached a trial court filing indicating that Appellee gave notice again as of March 1, 2007 of her intent to terminate the lease.  Additionally, Appellee served the motion to dismiss on Appellant on April 11, 2007.  Accordingly, we hold that Appellant had sufficient notice under the lease as written of Appellee’s intention to terminate the lease after April 1, 2007, regardless of the appeal.  Further, given the evidence in the record of Appellant’s history with Appellee, we do not think that Appellant can deny that she had more than thirty days’ actual notice that Appellee intended to terminate the lease rather than continue it on a month-to-month basis at the end of the specified term.  We therefore hold that, under the circumstances of this case, this lease ended by its own terms.  This appeal is therefore moot.  Consequently, we grant Appellee’s motion to dismiss the appeal, and we dismiss the appeal as moot.
(footnote: 5)

LEE ANN DAUPHINOT

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DELIVERED:  November 8, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Anadarko Petroleum Corp. v. Thompson
, 94 S.W.3d 550, 554 (Tex. 2002) (citations omitted).

3:
See generally 
Tex. Prop. Code Ann.
 § 91.001 (Vernon 2007) (stating that a month-to-month tenancy may be terminated by the tenant 
or
 the landlord giving notice of termination to the other).

4:
See Marshall v. Hous. Auth. of City of San Antonio
, 198 S.W.3d 782, 787 (Tex. 2006) (dismissing appeal as moot and holding that there was no live controversy between the parties as to Appellant tenant’s right of current possession of the apartment at issue because Appellant’s lease had expired).

5:
See id.