**Opinion filed September 24, 2009**



In The

# 𝔈𝔩𝔢𝔳𝔢𝔫𝔱𝔥 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

_____

## No. 11-09-00078-CV

_____

## ADOBE OILFIELD SERVICES, LTD.; ADOBE IRONWORKS, LTD.; ADOBE DRILLING SERVICES, LTD.; AND ADOBE TRUCKING, INC., Appellants

## V.

## PNC BANK, NATIONAL ASSOCIATION, Appellee

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-126,942**

## M E M O R A N D U M   O P I N I O N

This is an accelerated appeal from an order for temporary injunction against Adobe Oilfield Services, Ltd. and Adobe Ironworks, Ltd. (the restrained parties).[1] PNC Bank, National Association, has filed in this court a motion to dismiss the appeal as moot. The motion is well taken, and the appeal is dismissed.

Appellate courts are prohibited from deciding moot controversies. A case becomes moot if at any stage there ceases to be an actual controversy between the parties. *Nat'l Collegiate Athletic*

---

[1]The temporary injunction was also entered against a third party defendant, Mesquite Bean Properties, Inc., but Mesquite did not appeal.

*Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999); *Parr v. Stockwell*, 322 S.W.2d 615, 616 (Tex. 1959). When a temporary injunction becomes inoperative due to a change in status of the parties or the passage of time, the issue of its validity is also moot. *Jones*, 1 S.W.3d at 86. An appellate court decision about the validity of a temporary injunction under such circumstances would constitute an impermissible advisory opinion. *Id.*

In its order, the trial court enjoined the restrained parties and their agents and affiliates "from taking any action to interfere with or prevent PNC or its agents . . . from entering the Premises and removing the Collateral." The order of temporary injunction was not superseded. Tex. R. App. P. 29. All of the parties to this appeal agree that PNC and its agents have now removed all of the collateral from the said premises and have, in fact, already sold the collateral. The temporary injunction, therefore, is no longer operative.

Appellants request that we address the issue because the "collateral consequences" exception to the mootness doctrine applies and because our determination would affect the proceedings below, including their claims for wrongful injunction and recovery of the temporary injunction bond.

The collateral consequences exception to the mootness doctrine may only be invoked in narrow circumstances when concrete disadvantages and disabilities will persist and continue to stigmatize after dismissal of the case as moot. *Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 788-89 (Tex. 2006). The collateral consequence proffered by appellants is the deprivation of possession of the property upon which they claimed a possessory lien. We hold that the collateral consequences exception does not apply under these circumstances and that appellants have not shown that a concrete disadvantage will persist. *See id.* at 789. Furthermore, we conclude that any opinion regarding the validity of the now inoperative temporary injunction would merely be advisory. We decline to issue an impermissible advisory opinion.

PNC's motion to dismiss is granted, and the appeal is dismissed as moot.


JIM R. WRIGHT
CHIEF JUSTICE

September 24, 2009

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.