Theresa MARSHALL, Petitioner,

v.

HOUSING AUTHORITY OF THE CITY OF SAN ANTONIO, Respondent.

No. 04–0147.

Supreme Court of Texas.

Argued April 12, 2005.

Decided March 3, 2006.

Fred Fuchs, Nelson H. Mock, Texas RioGrande Legal Aid, Inc., Austin, David Miles Winters, Texas RioGrande Legal Aid, Inc., San Antonio, for Petitioner.

R. David Fritsche, Law Offices of R. David Fritsche, San Antonio, for Respondent.

Larry Niemann, Niemann and Niemann, Austin, for Amicus Curiae

Justice JOHNSON delivered the opinion of the Court.

In this appeal we address the issues of whether a tenant may appeal from an adverse judgment in a forcible detainer action without posting a supersedeas bond, and whether a forcible detainer action is moot when the tenant is no longer in possession of the premises and her lease has expired. Answering both questions in the affirmative, we dismiss the case as moot and vacate the underlying judgments.

## I. Background

Petitioner Theresa Marshall leased an apartment from a non-profit public facility corporation managed by the Housing Authority of the City of San Antonio for a term beginning on February 1, 2002, and ending on January 31, 2003. Her rent was subsidized by a federal housing assistance program. Following a shooting at her apartment, the Housing Authority gave Marshall notice that it was terminating her right to occupy the apartment, then filed a forcible detainer action seeking possession of the apartment. On November 1, 2002, the trial court entered judgment awarding the Housing Authority (1) possession of the apartment after November 14, 2002, (2) court costs, and (3) post-judgment interest. *See* TEX. PROP. CODE §§ 24.006, 24.0061. On November 8, 2002, Marshall filed a motion seeking suspension of enforcement of the judgment or, in the alternative, setting of a supersedeas bond.

In the motion she specified that she intended to appeal. Following a hearing on November 7, 2002, a supersedeas bond amount was set pursuant to Texas Property Code Section 24.007, but Marshall did not post bond. On November 8, 2002, she filed notice of appeal.

The parties agree that a writ of possession was never executed. Marshall does not contest the Housing Authority's assertion that she vacated the apartment on November 14, 2002. The record does not indicate whether the Housing Authority re-let the apartment after Marshall relinquished possession.

On April 11, 2003, after her lease term had expired, Marshall filed her brief in the court of appeals praying that the court reverse the trial court's judgment and award her possession of the apartment. She did not claim in her brief or in her later reply brief any contractual or other right to possession.

The court of appeals determined that Marshall's appeal was moot and dismissed the appeal for want of jurisdiction, although it did not vacate the trial court's judgment. The court of appeals reasoned that because Marshall had relinquished possession of the apartment, the court could no longer grant effectual relief. 183 S.W.3d 689.

As this case was presented to the court of appeals and as it is presented to us, Marshall's lease has expired. She does not reference any evidence on which to base a claim that she is entitled to current immediate possession of the apartment. She nonetheless asserts that the court of appeals erred in dismissing her appeal without reviewing its merits because (1) contrary to the Housing Authority's position, review of her appeal on the merits should not be contingent on her having posted a supersedeas bond pursuant to Texas Property Code Section 24.007; (2) vacating her apartment did not moot her

appeal because she vacated involuntarily and indicated her intent to appeal the trial court's judgment before she left the apartment; and (3) if she prevails, the trial court's judgment will be reversed and then (a) she will be entitled to recover the fair market value of her apartment from the time of her eviction through expiration of her lease; (b) the adverse collateral consequences she has suffered and will suffer because the judgment was entered, including the potential five-year loss of a federal rent subsidy, will be ameliorated; and (c) she will be relieved of liability for payment of the Housing Authority's court costs and post-judgment interest.

The Housing Authority responds that (1) Marshall failed to perfect appeal by filing a supersedeas bond, and (2) her appeal is moot and no exception to the mootness doctrine warrants consideration of her appeal on the merits. We granted Marshall's petition for review to consider whether the court of appeals correctly decided its jurisdiction. *Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex.1992); *see* TEX. GOV'T CODE § 22.225.

We conclude that Marshall's case is moot and that the court of appeals erred in dismissing only the appeal and leaving the trial court's judgment in place. *See Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex.2000) (holding that because the case was moot the proper action was to vacate the court of appeals' judgment and opinion, and dismiss the case as moot); *Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227, 230 (Tex. 1993) (vacating the judgment of the court of appeals and of the trial court, and dismissing the case as moot).

## II. Forcible Detainer Action

The only issue in a forcible detainer action is the right to actual possession of the premises. TEX. R. CIV. P. 746; *see*

*also* TEX. PROP. CODE § 24.001. Some courts of appeals have held that if a tenant fails to post a supersedeas bond pursuant to Texas Property Code Section 24.007, the appellate court lacks jurisdiction.[1] Other courts of appeals have concluded that if a tenant vacates the premises, (1) the tenant's appeal is moot because the court can no longer grant effectual relief,[2] or (2) the issue of possession is moot, but the court can still consider issues unrelated to possession.[3] At least one court of appeals has concluded that a tenant's appeal is not moot even though the tenant vacated the premises.[4]

To the extent holdings in such cases conflict with this opinion, we disapprove of them.

## III. Analysis

### A. Failure to Post Supersedeas Bond

■ Marshall argues that her failure to post a supersedeas bond pursuant to Texas Property Code Section 24.007 does not prevent her from appealing the trial court's judgment. Her argument anticipates the Housing Authority's position that Marshall's appeal must be dismissed because a supersedeas bond is required to perfect an appeal. *See Reyes v. R.C. Mgmt., Inc.*, No. 04–01–00405–CV, 2001 WL 1479256, at *1 (Tex.App.—San Antonio, Nov. 21, 2001, pet. denied) (not designated for publication). We agree with Marshall.

The Texas Property Code provides that judgment in a forcible detainer action may not be stayed pending appeal unless the appellant timely files a supersedeas bond in the amount set by the trial court. TEX. PROP. CODE § 24.007. Thus, if a proper supersedeas bond is not filed, the judgment may be enforced, including issuance of a writ of possession evicting the tenant from the premises. However, there is no language in the statute which purports to either impair the appellate rights of a tenant or require a bond be posted to perfect an appeal. *See id.* Marshall's failure to supersede the judgment did not divest her

1. *See Reyes v. R.C. Mgmt., Inc.*, No. 04–01–00405–CV, 2001 WL 1479256 (Tex.App.—San Antonio, Nov. 21, 2001, pet. denied) (not designated for publication).

2. *Kemper v. Stonegate Manor Apartments, Ltd.*, 29 S.W.3d 362, 363 (Tex.App.—Beaumont 2000, pet. dism'd w.o.j.); *see, e.g., Alexander v. Housing Auth.*, No. 06–03–00157–CV, 2004 WL 422614 (Tex.App.—Texarkana, March 9, 2004, no pet.) (mem.op.) (holding that once a tenant was removed from the premises, the tenant's appeal of the forcible detainer action was rendered moot because the court could no longer grant effectual relief); *Calhoun v. Banco Popular N. Am.*, No. 14–01–01205–CV, 2002 WL 246560 (Tex.App.—Houston [14th Dist.] Feb.21, 2002, no pet.) (not designated for publication) (same); *Ehrlich v. Olsen*, No. 14–01–01003–CV, 2002 WL 122307 (Tex. App.—Houston [14th Dist.] Jan.31, 2002, no pet.) (not designated for publication) (same); *Copenhaver v. Fed. Home Loan Mortgage Corp.*, No. 08–02–00016–CV, 2002 WL 1341139 (Tex.App.—El Paso, June 20, 2002, no pet.) (not designated for publication) (same); *see also Garner v. Callaway P'ship*, No. 10–04–00340–CV, 2005 WL 428517 (Tex. App.—Waco, Feb.23, 2005, no pet.) (mem.op.) (holding that once a writ of possession was executed the appeal was moot).

3. *See Manley v. Young*, No. 01–03–00199–CV, 2004 WL 1516434 (Tex.App.—Houston [1st Dist.] July 8, 2004, no pet.) (mem.op.) (holding that once the tenant was removed from the premises, the issue of possession was rendered moot; the only reviewable issues were those unrelated to possession); *Baxter v. Gates of Normandie*, No. 05–03–00245–CV, 2004 WL 303594 (Tex.App.—Dallas, Feb.18, 2004, no pet.) (mem.op.) (holding that the issue of possession was rendered moot because tenant vacated apartment, but considering issues unrelated to possession).

4. *Coughran v. Saddle Brook Apartments*, No. 10–01–275–CV, 2004 WL 307844 (Tex.App.—Waco, Feb.18, 2004, no pet.) (mem.op.) (holding that even though the tenant vacated the apartment, the appeal was not moot).

of her right to appeal. *See* TEX. R. CIV. P. 621, 627; TEX. R. APP. P. 24, 25.

## B. Mootness

■ Marshall argues that because she timely indicated her intent to appeal the trial court's judgment and because she vacated involuntarily to avoid execution of a writ of possession, her relinquishing possession of the apartment should not moot her appeal. The Housing Authority, however, urges that because the record does not include evidence supporting Marshall's assertion that she vacated the apartment involuntarily, her appeal was rendered moot when she vacated. Again, we agree with Marshall.

■ Usually, when a judgment debtor voluntarily satisfies the judgment, the case becomes moot and the debtor waives any right to appeal. *See Riner v. Briargrove Park Prop. Owners Inc.,* 858 S.W.2d 370, 370 (Tex.1993) (citing *Highland Church of Christ v. Powell,* 640 S.W.2d 235, 236 (Tex. 1982)). The rule is intended to prevent a party who voluntarily satisfies a judgment from later changing his or her mind and appealing. *Highland Church of Christ,* 640 S.W.2d at 236 (holding that parties should not be allowed to mislead their opponent into believing that the controversy is over and then contest the payment and seek recovery). We have held, however, that payment of a judgment will not moot an appeal from that judgment if the judgment debtor timely and clearly expresses an intent to exercise the right of appeal and if appellate relief is not futile. *See Miga v. Jensen,* 96 S.W.3d 207, 212 (Tex.2002).

■ Marshall timely filed a motion seeking suspension of enforcement of the judgment or, in the alternative, setting of a supersedeas bond. Her motion set out her intent to appeal. She timely filed notice of appeal before she vacated her apartment. In light of her timely and clear expression of intent to appeal, Marshall's action in giving up possession did not moot her appeal so long as appellate relief was not futile; that is, so long as she held and asserted a potentially meritorious claim of right to current, actual possession of the apartment. But, her lease expired on January 31, 2003, and she presents no basis for claiming a right to possession after that date. Thus, there was no live controversy between the parties as to the right of current possession after January 31, 2003, and the issue of possession was moot as of that date. *See Williams v. Lara,* 52 S.W.3d 171, 184 (Tex.2001) (holding that a case becomes moot if a controversy ceases to exist between the parties at any stage of the proceedings).

Persevering, and recognizing the possibility that the possession issue might be moot, Marshall asserts that even if the possession issue is moot, there are three reasons why the merits of her appeal should be determined.

### 1. Monetary Damages

Marshall argues that her case is not moot because if successful on the merits she will be able to recover, in this action, the fair market value of her leasehold interest for the time between the date she vacated the apartment and the date her lease expired. We disagree.

■ An action for forcible detainer is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property. *See Scott v. Hewitt,* 127 Tex. 31, 90 S.W.2d 816, 818–19 (1936). Judgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession. *See* TEX. PROP. CODE § 24.008 (providing that a suit for forcible detainer "does not bar a suit for trespass, damages, waste, rent, or mesne profit").

Marshall, nevertheless, argues that recovery of the fair market value of her lost leasehold interest in this forcible detainer action is authorized by section 34.022 of the Texas Civil Practice and Remedies Code and by Texas Rule of Civil Procedure 752. *See* TEX. CIV. PRAC. & REM. CODE § 34.022 (authorizing recovery of the market value of the person's property that has been seized through execution of a writ issued by a court if the judgment on which execution is issued is reversed or set aside but the property has been sold at execution); TEX. R. CIV. P. 752 (authorizing a prevailing party in a forcible detainer action to recover "damages, if any, suffered for withholding or defending possession of the premises during the pendency of the appeal" from justice court to county court). Neither of these provisions, however, authorize the type of damages that Marshall seeks. Her property was not sold at execution, and the damages she seeks did not arise until after her county court appeal was complete. *See* TEX. CIV. PRAC. & REM. CODE § 34.022; TEX. R. CIV. P. 752. Thus, even if her appeal were to be heard and found to have merit, Marshall would not be authorized to recover damages in the forcible detainer suit on the bases she references.[5] Consequently, the damage claims do not present a controversy preventing dismissal of the forcible detainer case as moot.

### 2. "Collateral Consequences" Exception

We next consider Marshall's position that even if a live controversy does not exist, her appeal falls within the "collateral consequences" exception to the require-

ment that cases without live controversies are to be dismissed as moot. She argues that a favorable appellate ruling reversing the trial court's judgment would ameliorate collateral consequences to her resulting from the judgment. *See State v. Lodge,* 608 S.W.2d 910, 912 (Tex.1980) (applying the collateral consequences exception to the mootness doctrine in a case involving involuntary commitment to a mental hospital); *Carrillo v. State,* 480 S.W.2d 612, 616–17 (Tex.1972) (applying the collateral consequences exception to the mootness doctrine in a case involving a minor's adjudication as a juvenile delinquent). Marshall submits that the judgment for eviction caused loss of her federal rent subsidy and that loss of the subsidy might last for up to five years. *See* 24 C.F.R. §§ 982.552(b)(2) (2006) (providing that certain federal housing assistance must be terminated if a family is evicted for a serious violation of the lease); (c)(1)(ii) (providing that assistance may be denied if any member of the family has been evicted from federally assisted housing in the last five years). She also asserts that the judgment has adverse practical collateral consequences, including the possibility that landlords may be dissuaded from renting an apartment to her.

One purpose of vacating the underlying judgment if a case becomes moot during appeal is to prevent prejudice to the rights of parties when appellate review of a judgment on its merits is precluded. *See Danciger Oil & Ref. Co. v. R.R. Comm'n,* 122 Tex. 243, 56 S.W.2d 1075, 1076 (1933); *see also U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship,* 513 U.S. 18, 22–25, 115 S.Ct. 386, 130 L.Ed.2d 233

---

5. Marshall does not assert that she is entitled to recover the fair market value of her leasehold interest under Texas Rule of Civil Procedure 748, which is titled "Judgment and Writ." Rule 748 requires a justice court to give judgment for costs and damages to the prevailing party in a suit for forcible entry and detainer. TEX. R. CIV. P. 748. Because Marshall does not seek damages under this provision, we need not decide whether it would authorize recovery of the leasehold's value.

(1994) (noting that one purpose of vacating the underlying judgment if a matter becomes moot during appeal is to prevent prejudice to the rights of parties when appellate review of a judgment on its merits is prevented by some reason other than voluntary action of the parties). Once the judgment is vacated and the case dismissed, the collateral consequences of the judgment are ordinarily negated to the same extent as if the judgment were reversed on the basis of any other procedural error. *See Employees Fin. Co. v. Lathram,* 369 S.W.2d 927, 930 (Tex.1963). The collateral consequences exception to the mootness doctrine is invoked only under narrow circumstances when vacating the underlying judgment will not cure the adverse consequences suffered by the party seeking to appeal that judgment. *See Lodge,* 608 S.W.2d at 912; *Carrillo,* 480 S.W.2d at 617. Such narrow circumstances exist when, as a result of the judgment's entry, (1) concrete disadvantages or disabilities have in fact occurred, are imminently threatened to occur, or are imposed as a matter of law; and (2) the concrete disadvantages and disabilities will persist even after the judgment is vacated. *See Spencer v. Kemna,* 523 U.S. 1, 8, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998); *see also Gen. Land Office v. OXY U.S.A., Inc.,* 789 S.W.2d 569, 571 (Tex.1990) (noting that the collateral consequences exception is invoked only when prejudicial events have occurred whose effects will continue to stigmatize after dismissal of the case as moot).

■■■■ In order to invoke the collateral consequences exception, then, Marshall must show both that a concrete disadvan-

tage resulted from the judgment and that the disadvantage will persist even if the judgment is vacated and the case dismissed as moot. *See Spencer,* 523 U.S. at 8, 118 S.Ct. 978; *Gen. Land Office,* 789 S.W.2d at 571. She does not do so. The record contains neither evidence nor an attempt to provide evidence [6] that Marshall's federal rent subsidy will be denied in the future if the trial court's judgment is vacated. As to the "practical" consequences Marshall complains of, she specifically identifies only one: future landlords may be dissuaded from renting an apartment to her. Again, however, the record contains neither evidence nor an attempt to provide evidence supporting her assertion that this practical consequence will persist even if the judgment is vacated. And, we do not consider factual assertions that appear solely in briefs and are not supported by the record. *See* TEX. R. APP. P. 55.2(g), (i) (requiring petitioner's statement of facts and argument to be supported by appropriate references to the record); *Perry v. S.N.,* 973 S.W.2d 301, 303 (Tex.1998).

Under this record we decline to hold that the fact a judgment allowing eviction was entered will cause such continuing concrete disadvantages as warrant expansion of the collateral consequences exception, even after the judgment has been vacated for mootness. *See Spencer,* 523 U.S. at 8, 118 S.Ct. 978; *Gen. Land Office,* 789 S.W.2d at 571.

### 3. Court Costs and Post–Judgment Interest

Last, we address Marshall's argument that because the trial court's judgment

---

**6.** Marshall neither contended nor offered evidence in the trial court that collateral consequences would result if a judgment allowing eviction were entered. The first time she asserted that collateral consequences would result from the judgment was in the court of appeals. She sought no evidentiary hearing while her case was on appeal. *See* TEX. R. APP. P. 10.1 (providing that a party can make motions for an order or other relief in the appellate courts).

held her liable for court costs incurred by the Housing Authority and for post-judgment interest, her contest of liability for costs constitutes a live controversy. In response, the Housing Authority asserts that the costs awarded were for a nominal amount, and therefore, the doctrine of *de minimus non curat lex* or "the law does not care for trifling matters" should be applied to prevent consideration of the case on appeal. *See, e.g., Yates Ford, Inc. v. Ramirez*, 692 S.W.2d 51, 55 (Tex.1985) (applying the *de minimis* doctrine to overcharges in a consumer credit case).

We agree with Marshall that in some instances a case is not moot even though the only issue presented relates to court costs. *See Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642–43 (Tex.2005); *see also Furr's Supermarkets, Inc. v. Bethune*, 53 S.W.3d 375, 378 (Tex.2001). If the trial court's judgment is vacated as a result of the case being moot, however, either there will be no order assessing costs and each party will be required to pay its own costs under Texas Rule of Civil Procedure 127, or the appellate court will tax costs. Moreover, we conclude that the Housing Authority's seeking dismissal of the case because it is otherwise moot and concurrently asserting that the costs awarded by the trial court are *de minimus* constitute good cause for the Housing Authority to be responsible for its own trial court costs. *See* TEX. R. APP. P. 60.4 (stating that the Court may, for good cause, tax costs other than as provided by rule). We do not consider the issue of the Housing Authority's costs and post-judgment interest on those costs to present a controversy preventing dismissal of the case for mootness.

## IV. Conclusion

Marshall's case is moot as to the issue of possession and no exception applies to warrant consideration of the appeal on its merits except the issue of costs. We tax costs to the party by whom incurred, vacate the court of appeals' judgment and opinion, vacate the trial court's judgment, and dismiss the case as moot.

Justice GREEN did not participate in the decision.