**Opinion issued June 18, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00568-CV

————————————

**SERGIO SOZA, Appellant**

**V.**

**FEDERAL HOME LOAN MORTGAGE CORPORATION, Appellee**

---

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 990131**

---

## MEMORANDUM OPINION

In this forcible-detainer action, appellant, Sergio Soza, appeals from the trial

court's judgment granting possession of certain real property to appellee, Federal

Home Loan Mortgage Corporation. Appellee moves to dismiss the appeal as moot

because a writ of possession has issued, restoring possession of the property to

appellee.  We grant appellee's motion, vacate the trial court's judgment, and dismiss the case.

"[A] suit can become moot at any time, including on appeal, and . . . courts have an obligation to take into account intervening events that may render a lawsuit moot." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 166–67 (Tex. 2012).  With exceptions not applicable to the instant proceeding, "a court cannot decide a case that has become moot during the pendency of the litigation." *Id.* at 162.  A case is moot if there ceases to be "a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome." *Id.*  If a proceeding becomes moot, the court must dismiss the proceeding. *Id.*

The only issue in a forcible-detainer action is the right to actual possession of the premises.  TEX. PROP. CODE ANN. § 24.002 (West 2000); TEX. R. CIV. P. 746; *see Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 785–86 (Tex. 2006).  "[T]he merits of the title shall not be adjudicated."  TEX. R. CIV. P. 746; *see Wilhelm v. Fed. Nat'l Mortg. Ass'n*, 349 S.W.3d 766, 768–69 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

The record reflects that, after the trial court rendered judgment granting possession of the subject property to appellee, appellant attempted to supersede the trial court's judgment.  Even if appellant was unsuccessful, a failure to properly

2

supersede a forcible-detainer judgment does not divest a party of the right to appeal. *See Marshall*, 198 S.W.3d at 786–87.

The record further reflects, however, that appellant is no longer in possession of the property. On May 9, 2012, the trial court granted appellee's motion for issuance of a writ of possession. On June 7, 2012, a writ of possession was issued. When, as here, the appellant is no longer in possession of the subject property, the appeal from the forcible-detainer action becomes moot unless the appellant holds and asserts "a potentially meritorious claim of right to current, actual possession" of the property. *Id.*; *see Wilhelm*, 349 S.W.3d at 768.

Appellee has moved to dismiss the appeal as moot, averring that appellant has not asserted a potentially meritorious claim of right to current, actual possession of the property. *See Marshall*, 198 S.W.3d at 787; *Wilhelm*, 349 S.W.3d at 768. Appellant did not respond to appellee's motion to dismiss the appeal and has, therefore, failed to assert a potentially meritorious claim of right to current, actual possession of the property. *See Marshall*, 198 S.W.3d at 787; *Wilhelm*, 349 S.W.3d at 768; *see e.g.*, *Anderson v. Bayview Loan Servicing, L.L.C.*, No. 01-12-00582-CV, 2012 WL 4742834, at *1 (Tex. App.—Houston [1st Dist.] Oct. 4, 2012, no pet.) (mem. op.) (stating that appellant who failed to respond to appellee's motion to dismiss had failed to assert potentially meritorious claim of right to current, actual possession); *Rady v. CitiMortgage, Inc.*, No. 03-11-00734-CV,

2012 WL 753128, at *1 (Tex. App.—Austin, Mar. 9, 2012, no pet.) (mem. op.) (same).

Accordingly, we grant appellee's motion, vacate the trial court's judgment, and dismiss the case. *See Marshall*, 198 S.W.3d at 785 (concluding that case was moot and that "court of appeals erred in dismissing only the appeal and leaving the trial court's judgment in place"). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Sharp and Massengale.