

# NUMBER 13-13-00492-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**BILLIE J. HERNANDEZ, SARA HERNANDEZ,
AND ALL OCCUPANTS,**                                                   **Appellants,**

**v.**

**GREEN TREE SERVICING LLC,**                                       **Appellee.**

---

**On appeal from the County Court at Law
of San Patricio County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion Per Curiam**

In this forcible-detainer action, appellants, Billie J. Hernandez, Sara Hernandez, and all occupants, attempt to appeal from an order denying their motion to reconsider and motion for new trial signed by the trial court on August 22, 2013. On October 11, 2013, appellee filed a motion to dismiss the appeal as moot, stating that a writ of possession

was executed, appellants vacated the property voluntarily, the constable delivered possession of the property to appellee on September 25, 2013, and appellants do not assert a potentially meritorious claim of right to current and actual possession of the property. *See* TEX. PROP. CODE ANN. § 24.007 (West Supp. 2012).

"The only issue in an action for forcible detainer is the right to actual possession of the premises, and the merits of title shall not be adjudicated." *Wilhelm v. Fannie Mae*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing Tex. R. Civ. P. 746; *Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006)). Although the failure to supersede a forcible-detainer judgment does not divest a defendant of his right to appeal when the defendant is no longer in possession of the premises, an appeal from the judgment in that case is moot unless the defendant asserts a "potentially meritorious claim of right to current, actual possession." *Marshall*, 198 S.W.3d at 787; *Wilhelm*, 349 S.W.3d at 768.

On October 21, 2013, the Clerk of the Court requested a response from appellants by October 31, 2013. Appellants have not filed a response. Absent any assertion of a potentially meritorious claim of right to current, actual possession, we grant appellee's motion and dismiss the appeal as moot. *See Marshall*, 198 S.W.3d at 787; *Wilhelm*, 349 S.W.3d at 768.

PER CURIAM

Delivered and filed the 5th
day of December, 2013.

2