# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-13-00362-CV

---

**Deborah Peck, Appellant**

**v.**

**Federal Home Loan Mortgage Corporation, Appellee**

---

### FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
### NO. 13-0286-CC4, HONORABLE JOHN McMASTER, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

In this forcible-detainer action, Deborah Peck appeals from the trial court's judgment of possession in favor of appellee Federal Home Loan Mortgage Corporation. On October 22, 2013, Federal Home Loan Mortgage Corporation filed a motion to dismiss this appeal as moot, stating that Peck failed to supersede enforcement of the judgment, a writ of possession was issued, and, as a result of execution of the writ, Federal Home Loan Mortgage Corporation was tendered possession of the subject property.

"The only issue in an action for forcible detainer is the right to actual possession of the premises, and the merits of title shall not be adjudicated." *Wilhelm v. Federal Nat'l Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing Tex. R. Civ.

P. 746 and *Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006)).[1]

Further, "[a] judgment of a county court in an eviction suit may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court." Tex. Prop. Code § 24.007. Although the failure to supersede a forcible-detainer judgment does not divest a defendant of his right to appeal when the defendant is no longer in possession of the premises, an appeal from the judgment in that case is moot unless the defendant asserts "a potentially meritorious claim of right to current, actual possession." *Marshall*, 198 S.W.3d at 787; *Wilhelm*, 349 S.W.3d at 768.

On October 28, 2013, the clerk of this Court requested a response from Peck to Federal Home Loan Mortgage Corporation's motion to dismiss. Peck filed an "objection to appellee's motion to dismiss appeal as moot and application for writ of mandamus," arguing that the trial court erred by failing to include an amount for supersedeas bond in the judgment of possession and by failing to hold a hearing to set an amount for the bond. She asks this Court to set aside the judgment of possession and to direct the trial court to set an amount for supersedeas bond and return Peck to the status quo before the judgment issued. Similar to her arguments in her objection and application for writ of mandamus, Peck's issues in her appellant's brief address the trial court's failure to schedule a hearing to determine a supersedeas bond amount and its failure to set an amount for a supersedeas bond in the judgment.

---

[1] Texas Rule of Civil Procedure 746 was repealed effective August 31, 2013, but its limitation on the scope of an eviction case was carried forward in Texas Rule of Civil Procedure 510.3(e). *See* Tex. R. Civ. P. 510.3(e) (stating that the only issue is "right to actual possession and not title").

2

The record reflects that the judgment of possession did not set an amount for supersedeas bond and that Peck did not file a supersedeas bond. Peck filed two separate motions for hearings to set an amount for the bond, which motions were filed on April 8, 2013, and May 29, 2013, respectively. The trial court signed the judgment of possession on April 3, 2013, and issued a writ of possession on April 11, 2013, but the court recalled the writ because Peck filed a notice of bankruptcy on April 19, 2013. After the bankruptcy court lifted the automatic stay in May 2013, a subsequent writ of possession was issued and, as a result of the execution of that writ, Federal Home Loan Mortgage Corporation was tendered possession of the subject property.

Although the clerk's record includes Peck's motions to set a hearing on the amount for supersedeas bond and Peck argues that the trial court "refused to set an amount," the record does not contain an order denying either motion and Peck states in her appellant's brief that the trial court had set a hearing on the matter for April 22, 2013. The record also reflects that Peck filed a notice of bankruptcy on April 19, 2013, staying the county court proceeding prior to that date. After the bankruptcy court lifted the automatic stay, Peck attempted to file a second motion for hearing to set bond. At this point in time—well past the 10-day statutory deadline for filing a supersedeas bond—the judgment can no longer be stayed pursuant to bond. *See* Tex. Prop. Code § 24.007. Thus, to the extent Peck requests mandamus relief, we deny that request. *See Walker v. Packer*, 827 S.W.2d 833, 837, 844 (Tex. 1992) (orig. proceeding) (relator's burden to show entitlement to relief requested); *In re Mata*, No. 14-12-00460-CV, 2012 Tex. App. LEXIS 4045, at *2–4 (Tex. App.—Houston [14th Dist.] May 18, 2012, orig. proceeding) (mem. op.) (noting that the appellants "did not supersede the judgment within the time prescribed by the statute" and denying petition for

writ of mandamus in which relators complained that trial court "denied their request to proceed *in forma pauperis* and set a 'death sentence' appeal bond that was impossible to meet" in a forcible detainer action).

Further, Peck concedes that she no longer has possession of the subject property. The only issue then is whether Peck has asserted "a potentially meritorious claim of right to current, actual possession." *See Marshall*, 198 S.W.3d at 787; *Wilhelm*, 349 S.W.3d at 768. Because her issues on appeal are limited to the trial court's failure to set an amount for supersedeas bond, we conclude that Peck has failed to "provide a potential basis for a claim" that she "is entitled to current, actual possession." *See Wilhelm*, 349 S.W.3d at 768 (concluding that issue addressing "issuance and execution of writs of possession and execution and the superseding of writs of possession" did not "provide a potential basis for a claim by the [appellant] that he is entitled to current, actual possession of the Property"). Accordingly, we grant Federal Home Loan Mortgage Corporation's motion and dismiss the appeal as moot.

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose, and Goodwin

Dismissed as Moot

Filed:   December 18, 2013