**Opinion issued April 17, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-01092-CV

———————————

**ZACHARY ONUH, Appellant**

**V.**

**FREO TEXAS LLC, Appellee**

---

**On Appeal from the County Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1040674**

---

## MEMORANDUM OPINION

In this forcible-detainer action, appellant, Zachary Onuh, appeals from the trial court's judgment granting possession of certain real property to appellee, Freo Texas LLC. On February 14, 2014, Freo Texas moved to dismiss Onuh's appeal as moot, stating that, because Onuh "did not supersede enforcement of the trial

court's judgment," a writ of possession was issued and "was then served and possession of the Subject Property tendered to appellee." We grant appellee's motion, vacate the trial court's judgment, and dismiss the case.

The only issue in a forcible-detainer action is the right to actual possession of the subject property; the merits of the title are not adjudicated. TEX. R. CIV. P. 510.3(e); *see Wilhelm v. Fed. Nat'l Mortg. Ass'n*, 349 S.W.3d 766, 768–69 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Therefore, although the failure to supersede a forcible-detainer judgment does not divest an appellant of the right to appeal, an appeal from a forcible-detainer action becomes moot if the appellant is no longer in possession of the property, unless the appellant holds and asserts "a potentially meritorious claim of right to current, actual possession" of the property. *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 786–87 (Tex. 2006); *see Wilhelm*, 349 S.W.3d at 768; *Gallien v. Fed. Home Loan Mortg. Corp.*, No. 01-07-00075-CV, 2008 WL 4670465, at *2–4 (Tex. App.—Houston [1st Dist.] Oct. 23, 2008, pet. dism'd w.o.j.).

Freo Texas has moved to dismiss the appeal as moot, averring that it has regained possession of the property and that Onuh "does not assert a potentially meritorious claim of right to current, actual possession of the property." *See* TEX. R. APP. P. 10.1, 10.2. Onuh has not responded to Freo Texas's motion and, therefore, has failed to assert a potentially meritorious claim of right to current,

2

actual possession of the property.  *See Marshall*, 198 S.W.3d at 787; *Wilhelm*, 349 S.W.3d at 768; *Soza v. Fed. Home Loan Mortg. Corp.*, No. 01-11-00568-CV, 2013 WL 3148616, at *1 (Tex. App.—Houston [1st Dist.] June 18, 2013, no pet.) (stating that appellant who failed to respond to appellee's motion to dismiss had failed to assert potentially meritorious claim of right to current, actual possession).

Accordingly, we grant appellee's motion, vacate the trial court's judgment, and dismiss the case.  *See Marshall*, 198 S.W.3d at 785, 787, 790; *Wilhelm*, 349 S.W.3d at 769.  We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.