

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00715-CV

Kenneth J. **THOMAS**,
Appellant

v.

**ARRIBA APARTMENTS**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2018CV04988
Honorable Karen Crouch, Judge Presiding

Opinion by:    Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
              Rebeca C. Martinez, Justice
              Luz Elena D. Chapa, Justice

Delivered and Filed: September 4, 2019

VACATED IN PART; AFFIRMED IN PART

Kenneth J. Thomas appeals the county court's judgment in a forcible detainer action granting Arriba Apartments a writ of possession for the premises described as 5200 Blanco Road, Apt. #824, San Antonio, Texas ("Premises"), and awarding Arriba Apartments $2,700.00 in unpaid rent and $1,250.00 in attorney's fees. We vacate in part and affirm in part.

## BACKGROUND

Arriba Apartments filed a forcible detainer action in justice court seeking to evict Thomas from the Premises. Thomas appealed the justice court's judgment to county court.

On August 29, 2018, the county court signed an order setting the cause for trial on September 13, 2018. On September 10, 2018, Thomas filed a motion for continuance. The motion contains a "notice of hearing" stating the motion was set for hearing on September 27, 2018. The appellate record does not contain an order ruling on the motion for continuance.

On September 13, 2018, the date the cause was set for trial, the county court signed a judgment. The judgment recites that Thomas failed to appear. As previously noted, the judgment granted Arriba Apartments a writ of possession for the Premises, and also awarded Arriba Apartments $2,700.00 in unpaid rent and $1,250.00 in attorney's fees. Thomas appeals.

## POSSESSION

Because the writ of possession issued by the trial court was executed on the premises causing Thomas to vacate the premises, the issue of possession is moot. As a result, we vacate the trial court's judgment of possession. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *Cavazos v. San Antonio Hous. Auth.*, No. 04-09-00659-CV, 2010 WL 2772450, at *2 (Tex. App.—San Antonio July 14, 2010, no pet.) (mem. op.).

## REMAINING ISSUES

"Although the issue of possession is moot, issues independent of possession are still reviewable on appeal." *Cavazos*, 2010 WL 2772450, at *2. As this court noted in our March 27, 2019 order, however, appellant's original brief was stricken because it failed to comply with the briefing rules in the Texas Rules of Appellate Procedure. Although appellant's amended brief was not stricken, this court's order noted the amended brief did not correct all the deficiencies in the original brief and advised Thomas that this court might ultimately conclude he waived his appellate complaints due to inadequate briefing.

Most of the statements made in Thomas's brief relate to the issue of possession which we have held is moot. The remaining statements do not present issues setting out errors allegedly

committed by the county court, and the brief does not provide relevant citations to the record or cite relevant authority. Accordingly, the brief does not present any issues for our review. *See Cammack v. Bank of New York Mellon*, 04-18-00277-CV, 2019 WL 1547576, at \*3 (Tex. App.—San Antonio Apr. 10, 2019, no pet.) (mem. op.) ("Where, as here, an appellant fails to cite relevant authority, provide relevant citations to the record, or provide substantive analysis of an issue raised in the brief, nothing is presented for our review."). For example, although the brief alludes to the county court overlooking Thomas's motion for continuance, in order to complain on appeal regarding a ruling on a motion for continuance, "the record must show that the motion was brought to the trial court's attention and that the trial court either denied the motion or refused to rule on the motion and the complaining party objected to the refusal." *Quintana v. CrossFit Dallas, L.L.C.*, 347 S.W.3d 445, 449 (Tex. App.—Dallas 2011, no pet.). The record in this case does not contain any such showing and, in fact, shows that the motion for continuance was set for a hearing two weeks after the trial setting. In addition, Thomas attached documents to his brief that are not part of the appellate record and cannot be considered by this court. *See Kemp v. Santander Consumer USA Inc.*, No. 04-17-00622-CV, 2018 WL 1935574, at \*1 (Tex. App.—San Antonio Apr. 25, 2018, no pet.) (mem. op.). Finally, Thomas did not appear at trial, and Thomas did not file a motion for new trial which would have given the county court "the opportunity to consider and weigh factual evidence." *Hewitt v. Gan*, No. 05-18-00913-CV, 2019 WL 2402984, at \*2 (Tex. App.—Dallas June 7, 2019, no pet.) (mem. op.).

## CONCLUSION

Because the issue of possession is moot, the trial court's judgment of possession is vacated. The remainder of the trial court's judgment is affirmed.

Sandee Bryan Marion, Chief Justice