

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00343-CV

Brittany **RETLEDGE** and Arnold Lamotte, Jr.,
Appellants

v.

Misty **SANTANA**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2019CV04147
Honorable J. Frank Davis, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:         Patricia O. Alvarez, Justice
                 Luz Elena D. Chapa, Justice
                 Irene Rios, Justice

Delivered and Filed: May 26, 2021

VACATED AND CASE DISMISSED

This is an appeal of a judgment in a forcible detainer suit in which the county court awarded

possession to appellee, Misty Santana. We vacate the judgment of the trial court and dismiss the

case as moot.

Santana filed the forcible detainer action in justice court, seeking to evict Brittany Retledge

and Arnold Lamotte Jr. from a property they had leased. The justice court rendered a judgment of

eviction awarding possession of the premises to Santana. Retledge and Lamotte appealed to the

county court at law. On May 17, 2019, the county court at law signed a judgment awarding

possession of the premises to Santana and granting a writ of possession. The judgment denied Santana any award of rent, attorney's fees, or costs. Retledge and Lamotte filed a timely notice of appeal to this court, but they did not post a supersedeas bond. A writ of possession was issued, and on May 23, 2019, a Bexar County constable executed the writ of possession, evicting Retledge and Lamotte from the premises.

The only issue in a forcible detainer action is the right to actual possession of the property. TEX. R. CIV. P. 510.3(e); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006).[1] When a tenant appeals an eviction judgment but fails to file a supersedeas bond in the amount set by the trial court, the judgment may be enforced by execution of a writ of possession evicting the tenant from the premises. *See* TEX. PROP. CODE § 24.007; TEX. R. CIV. P. 510.13; *Marshall*, 198 S.W.3d at 786. Although the failure to file a supersedeas bond does not prevent an appeal, execution of the writ of possession may cause the appeal to become moot.

When the former tenant has appealed but has not superseded the judgment and is no longer in possession of the property, the appeal is moot unless there is a basis for concluding the appeal is not futile. *See Marshall*, 198 S.W.3d at 787. With respect to the issue of possession, appellate relief is not futile if the tenant holds and asserts "a potentially meritorious claim of right to *current, actual possession*" of the property. *Id.* (emphasis added). When the tenant's lease has expired and she identifies no basis for claiming a right to possession after that expiration, there is no longer a live controversy between the parties as to the right of current possession. *Id.*

Retledge and Lamotte each filed a brief in this court raising numerous issues regarding the alleged breaches of the lease, Santana's failure to give notice to vacate and wrongful failure to

---

[1] A judgment of possession in a forcible detainer action determines only the right to immediate possession and is not a determination of whether an eviction is wrongful. *Marshall* 198 S.W.3d at 787. The judgment does not bar a separate suit for wrongful eviction. *See id.*

accept rent payments, wrongful and retaliatory eviction, the alleged lack of jurisdiction in the courts below, and alleged procedural irregularities in the courts below. However, the briefs do not contain any arguments or reference to any evidence that would entitle appellants to current, actual possession of the property, and the record reflects that appellants' lease would have expired September 14, 2019. Neither the record nor the briefs assert or reflect any basis for asserting a right to current, actual possession of the property. Accordingly, we conclude the case is moot as to the issue of possession. *See id.*

We have thoroughly examined the briefs and the record and conclude that granting relief on any of the issues raised would also be futile. Although Santana sought an award of rent, attorney's fees, and costs, the county court denied that relief, and Santana did not appeal. Appellants' briefs refer to a counterclaim they filed in the justice court seeking damages for wrongful and retaliatory eviction. However, damages for wrongful or retaliatory eviction are not recoverable in the forcible detainer action. *See* TEX. PROP. CODE § 92.335 (in eviction suit, tenant may plead retaliation as defense to nonpayment of rent, but tenant may not assert affirmative claim for retaliation); TEX. R. CIV. P. 510.3(e) ("Counterclaims . . . are not permitted in eviction cases."); *Divine Bus. Enters., LLC v. Ablegrowth, Inc.*, No. 12-16-00206-CV, 2018 WL 2112148, at \*2 (Tex. App.—Tyler May 8, 2018, no pet.) (mem. op.) (county court had no authority to consider counterclaims for breach of contract, wrongful eviction, and retaliation in eviction case); *Flack-Batie v. Cimarron*, No. 05-11-00024-CV, 2013 WL 485750, at \*5 (Tex. App.—Dallas Feb. 6, 2013, no pet.) (mem. op.) (same).[2]

---

[2] Such actions may be pursued in the proper court, independently of the forcible detainer action. *See* TEX. R. CIV. P. 510.3(e); *see also Marshall*, 198 S.W.3d at 788 ("One purpose of vacating the underlying judgment if a case becomes moot during appeal is to prevent prejudice to the rights of parties when appellate review of a judgment on its merits is precluded.").

We conclude that no live controversy remains among the parties relative to the forcible detainer action. That is, even if one or more of the issues raised in the briefs present reversible error (which we do not decide), a remand would be futile because appellants are no longer in possession, their lease has expired, and they have asserted no basis upon which an order for possession or any other relief could be rendered in their favor on remand.

For these reasons, we vacate the trial court's judgment and dismiss the case as moot. *See Marshall*, 198 S.W.3d at 785, 790.

Luz Elena D. Chapa, Justice
