

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00388-CV

_____

MOSES KOVALCHUK, Appellant

V.

WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF UPLAND
MORTGAGE LOAN TRUST A, Appellee

---

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2020-00993-JP

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Moses Kovalchuk appeals from a forcible-detainer judgment awarding possession of foreclosed-on property to Wilmington Savings Fund Society, FSB, as Trustee of Upland Mortgage Loan Trust A. Because Kovalchuk does not challenge the propriety of the underlying summary judgment—he challenges only alleged error independent of the summary-judgment ruling—and does not show harm, we affirm.

### Procedural Background

Wilmington sued Kovalchuk and his wife in the Denton County Justice of the Peace Court to recover possession of residential property after Wilmington had exercised its nonjudicial power of sale according to the deed of trust and then purchased the property at the later foreclosure sale. The JP court awarded possession to Wilmington, and the Kovalchuks appealed to Denton County Court at Law No. 2.

The Kovalchuks included with their county-court answer a plea in abatement; they contended that Moses had raised a title issue in a concurrent district-court suit that he had later removed to federal court. Although Wilmington responded that the trial court should not abate because its right to immediate possession could be determined separately from the federal-case issues, the trial court nevertheless abated the forcible-detainer case "as long as" the Kovalchuks made timely monthly $3,500 payments and "as long as" the federal case was "pending and being prosecuted in good faith."

The Kovalchuks faithfully deposited $3,500 monthly with the trial court from June 2020 through October 2021. Then, on October 13, 2021, Wilmington filed a Motion to Set Trial on the Merits, but its motion did not mention the abatement. The next day, the trial court signed an order setting trial for December 1, 2021. The Kovalchuks filed a response opposing "any trial[-]setting requests until" the trial court lifted the abatement order. Their sole reason was that the abatement was still effective. But the Kovalchuks asked for a jury trial and opportunity to pay a jury fee if the trial court "deemed that the [a]batement [o]rder ha[d] been vacated."

On October 26, 2021, Wilmington filed a motion for summary judgment, in which it likewise did not reference the abatement or pending federal suit. Instead, it sought summary judgment on a single ground: that as the grantee of a substitute trustee's deed after a nonjudicial foreclosure sale, it was entitled to possession as a matter of law. Wilmington attached the substitute trustee's deed, original deed of trust, and notice of foreclosure. Wilmington served on the Kovalchuks' counsel a notice that the summary-judgment motion had been set for a hearing "by submission" on November 19, 2021.

The Kovalchuks filed a response to the summary-judgment motion in which they contended that they had complied with the abatement order by making timely monthly deposits and by prosecuting the federal case in good faith "while [it was] on appeal" in the United States Court of Appeals for the Fifth Circuit. They attached a Fifth Circuit docket sheet showing that the Fifth Circuit had affirmed the district

3

court's ruling against Moses and that Moses had—on November 17, 2021—filed a motion for rehearing.

On November 19, 2021, the trial court granted Wilmington's summary-judgment motion and awarded Wilmington possession of the premises. The order includes the following two handwritten additions: (1) "The court also believes that its order of abatement should be lifted." (2) "[T]he abatement in this case is lifted."

Moses filed a notice of appeal, and the trial court ordered monthly $4,500 payments be made to supersede the judgment.

## Summary Judgment Proper Despite Abatement

Moses has not challenged the propriety of the trial court's ruling on the summary-judgment motion's merits. *See, e.g.*, *Matney v. Harbor Gardens Condos. (Phase II) Ass'n of Owners*, No. 02-16-00272-CV, 2017 WL 5494252, at *2 (Tex. App.—Fort Worth Nov. 16, 2017, no pet.) (mem. op.) ("When an argument is not made challenging every ground on which the summary judgment could be based, we are required to affirm the summary judgment, regardless of the merits of the unchallenged ground."). Nor does he argue that the trial court's rendering judgment despite the abatement harmed him other than to challenge the mere fact that the trial court did so. *See* Tex. R. App. P. 44.1(a)(1).

A trial court's actions during abatement—including simultaneously lifting an abatement and granting summary judgment—are not void. *In re C.A. Walker, Inc.*, No. 10-21-00342-CV, 2022 WL 711138, at *2 (Tex. App.—Waco Mar. 9, 2022, orig.

4

proceeding) (mem. op.); *In re Gen. Motors Corp.*, 296 S.W.3d 813, 825 (Tex. App.—Austin 2009, orig. proceeding) (describing permissible trial-court actions during abatement and noting that "[w]hether an act by the court during abatement is error is a different question" from the trial court's authority to act). Moses fails to explain why the trial court should have continued the abatement after both the federal district court and Fifth Circuit had ruled against him. Nor does the record contain any evidence showing that the Fifth Circuit granted his rehearing motion or any additional relief. *See Marshall v. Hous. Auth. of City of San Antonio,* 198 S.W.3d 782, 787 (Tex. 2006) (noting that forcible-detainer action "is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property").

We therefore overrule Moses's sole issue and affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: June 30, 2022