**Opinion issued September 26, 2023**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00319-CV

———————————

**ANGELA D. DOWLING-PEREZ, Appellant**

**V.**

**LEGACY AT CYPRESS, Appellee**

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1200767**

---

## MEMORANDUM OPINION

In this forcible-detainer action, appellant, Angela D. Dowling-Perez, proceeding pro se, filed a notice of appeal from the judgment and writ of possession granting possession of certain real property to appellee, Legacy at Cypress.

We dismiss the appeal as moot.

The only issue in a forcible-detainer action is the right to actual possession of the subject property, and the merits of any title dispute shall not be adjudicated. *See Tellez v. Rodriguez*, 612 S.W.3d 707, 709 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (citing TEX. R. CIV. P. 510.3(e)). An appeal from a forcible-detainer action becomes moot if the appellant is no longer in possession of the property, unless the appellant holds and asserts "a potentially meritorious claim of right to current, actual possession" of the property. *See Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 786–87 (Tex. 2006); *Wilhelm v. Fed. Nat. Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Gallien v. Fed. Home Loan Mortg. Corp.*, No. 01-07-00075-CV, 2008 WL 4670465, at *2–4 (Tex. App.—Houston [1st Dist.] Oct. 23, 2008, pet. dism'd w.o.j.) (mem. op.).

On May 3, 2023, appellee filed a motion to dismiss, arguing that this appeal is moot because the writ of possession was executed, "[a]ppellant was dispossessed of the lease[d] premises on March 22, 2023 when [the] writ of possession was executed," and possession was "returned . . . back to" appellee. Appellant did not respond to appellee's motion to dismiss but has filed an appellant's "brief." However, we conclude that appellant's "brief" fails to assert a potentially meritorious claim of right to current, actual possession of the property. *See Marshall*, 198 S.W.3d at 787; *Wilhelm*, 349 S.W.3d at 768; *see also Soza v. Fed. Home Loan Mortg. Corp.*, No. 01-11-00568-CV, 2013 WL 3148616, at *1 (Tex.

App.—Houston [1st Dist.] June 18, 2013, no pet.) (mem. op.) (stating appellant who failed to respond to appellee's motion to dismiss had failed to assert potentially meritorious claim of right to current, actual possession).

Accordingly, we grant appellee's motion and dismiss the appeal as moot. *See* TEX. R. APP. P. 42.3(a), 43.2(f); *see also Marshall*, 198 S.W.3d at 785, 787, 790; *Wilhelm*, 349 S.W.3d at 769; *Bey v. ASD Fin., Inc.*, No. 05-14-00534-CV, 2014 WL 4180933, at *1 (Tex. App.—Dallas Aug. 11, 2014, no pet.) (mem. op.) (dismissing appeal of forcible detainer action as moot because appellant no longer possessed property at issue). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Kelly, Landau, and Farris.