

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00021-CV

Rene **MARTINEZ** and All Other Occupants,
Appellants

v.

**LONESTAR FAST FUNDING, LLC**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2023CV06862
Honorable Cesar Garcia, Judge Presiding

PER CURIAM

Sitting:     Beth Watkins, Justice
             Liza A. Rodriguez, Justice
             Lori I. Valenzuela, Justice

Delivered and Filed: April 17, 2024

DISMISSED FOR WANT OF JURISDICTION

This is an appeal in a forcible detainer action in which the clerk's record shows the county court at law signed a judgment of possession in favor of appellee on December 28, 2023. The clerk's record does not show that appellant paid a supersedeas bond to stay execution of the judgment. The record shows the county court at law subsequently issued a writ of possession to enforce the December 28 judgment, and the writ of possession was executed on January 10, 2024. The officer's return on the executed writ of possession states that possession of the premises was given to an individual who is not appellant.

The only issue in a forcible detainer action is the right to actual possession of the property. *See* TEX. R. CIV. P. 510.3(e); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *see also* TEX. PROP. CODE ANN. §§ 24.001–.002. A judgment of possession in such an action determines only the right to immediate possession and is not a final determination of whether an eviction was wrongful. *Marshall*, 198 S.W.3d at 787. When a forcible detainer defendant fails to pay a supersedeas bond in the amount set by the county court at law, the judgment may be enforced and a writ of possession may be executed, evicting the defendant from the property. *See* TEX. PROP. CODE ANN. § 24.007; TEX. R. CIV. P. 510.13; *Marshall*, 198 S.W.3d at 786. If a forcible detainer defendant fails to supersede the judgment and loses possession of the property, the appeal is moot unless he: (1) timely and clearly expressed his intent to appeal; and (2) asserted "a potentially meritorious claim of right to current, actual possession of the [property]." *See Marshall*, 198 S.W.3d at 786–87.

Because the record appears to show that appellant did not pay a supersedeas bond to stay execution of the December 28, 2023 judgment and that the writ of possession was subsequently executed, on February 29, 2024, we ordered appellants to file a written response explaining: (1) whether they have a potentially meritorious claim of right to current, actual possession of the property; and (2) why this appeal should not be dismissed as moot. Appellants did not file a response to our order. Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM