**Dismiss and Opinion Filed August 30, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-24-00533-CV

**SIMETRIUS DAWN KELLEY AND LORI KELLEY, Appellants**
**V.**
**BRIAN OWOSENI AND KELLY OWOSENI, Appellees**

**On Appeal from the County Court at Law No. 1**
**Kaufman County, Texas**
**Trial Court Cause No. 24C-068**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Carlyle
Opinion by Justice Carlyle

We questioned our jurisdiction over this appeal from the county court's final forcible detainer judgment as it appeared appellant had been evicted from the premises at issue and the case had become moot. *See Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 785, 787 (Tex. 2006) (possession of premises is only issue in forcible detainer action; issue of possession becomes moot when tenant no longer is in possession of property unless tenant has "potentially meritorious claim of right to current, actual possession"); *Olley v. HVM, L.L.C.*, 449 S.W.3d 573, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (appellate

courts lack jurisdiction over moot controversies). We directed appellants to file a letter brief addressing our concern, but more than ten days have passed, and appellants have not responded.

When, as here, a case becomes moot on appeal, the appellate court must set aside the trial court's judgment and dismiss the case. *See Marshall*, 198 S.W.3d at 785, 790. Accordingly, on the record before us, we vacate the trial court's final forcible detainer judgment and dismiss the case as moot. *See id.* at 790.

240533f.p05

/Cory L. Carlyle//
CORY L. CARLYLE
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SIMETRIUS DAWN KELLEY
AND LORI KELLEY, Appellants

No. 05-24-00533-CV          V.

BRIAN OWOSENI AND KELLY
OWOSENI, Appellees

On Appeal from the County Court at
Law No. 1, Kaufman County, Texas
Trial Court Cause No. 24C-068.
Opinion delivered by Justice Carlyle,
Justices Partida-Kipness and
Pedersen, III participating.

In accordance with this Court's opinion of this date, we **VACATE** the trial court's final judgment and **DISMISS** the case as moot.

Judgment entered this 30th day of August, 2024.

–3–