

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00497-CV

Kendra **PETITT**,
Appellant

v.

Gina D. **FEIST**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2024CV02564
Honorable David J. Rodriguez, Judge Presiding

PER CURIAM

Sitting:     Beth Watkins, Justice
             Liza A. Rodriguez, Justice
             Lori I. Valenzuela, Justice

Delivered and Filed: October 16, 2024

DISMISSED AS MOOT

This is an appeal in a forcible detainer action in which the clerk's record shows the county court at law signed a judgment of possession in favor of appellee on July 5, 2024. The clerk's record shows that the county court set a supersedeas bond of $3,000 to stay execution of the judgment, but the record does not show that appellant paid the bond. The record further shows the county court at law issued a writ of possession to enforce the July 5 judgment, and the

writ of possession was executed on July 25, 2024. The executed writ notes, "Property returned to Agent/Colby Taylor at above address."

The only issue in a forcible detainer action is the right to actual possession of the property. *See* TEX. R. CIV. P. 510.3(e); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *see also* TEX. PROP. CODE ANN. §§ 24.001–.002. A judgment of possession in such an action determines only the right to immediate possession and is not a final determination of whether an eviction was wrongful. *Marshall*, 198 S.W.3d at 787. When a forcible detainer defendant fails to pay a supersedeas bond in the amount set by the county court at law, the judgment may be enforced and a writ of possession may be executed, evicting the defendant from the property. *See* TEX. PROP. CODE ANN. § 24.007; TEX. R. CIV. P. 510.13; *Marshall*, 198 S.W.3d at 786. If a forcible detainer defendant fails to supersede the judgment and loses possession of the property, the appeal is moot unless she: (1) timely and clearly expressed her intent to appeal; and (2) asserted "a potentially meritorious claim of right to current, actual possession of the [property]." *See Marshall*, 198 S.W.3d at 786–87.

Because the record appeared to show appellant did not pay a supersedeas bond to stay execution of the judgment and that the writ of possession was subsequently executed, we ordered appellant to file a written response by September 3, 2024 showing why the appeal should not be dismissed as moot. Appellant did not respond to our order. Accordingly, we dismiss this appeal as moot.

PER CURIAM