

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-26-00034-CV

———————————————

TRINIDAD SANCHEZ, Appellant

V.

JXJ HOMES, LLC, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2025-010021-1

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Appellant Trinidad Sanchez, appearing pro se, attempts to appeal from a judgment rendered against him in the underlying forcible-detainer action.

On April 7, 2026, we sent Appellant a letter stating that the court was concerned that this appeal was moot. We explained that

> [i]t has come to this court's attention that on February 4, 2026, the writ of possession issued in this case was executed and that [A]ppellant is therefore no longer in actual possession of the property at issue in this appeal. A case becomes moot if, at any stage of the proceedings, a controversy ceases to exist between the parties. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). An appeal in a forcible[-]detainer case becomes moot when the appellant vacates the property unless the appellant holds and asserts a meritorious claim of right to current, actual possession of the property. *See Marshall*, 198 S.W.3d at 787. When a case becomes moot on appeal, we must dismiss the case. *See id.* at 790.

> Because [A]ppellant is no longer in actual possession of the property and does not appear to be asserting a claim of right to current possession of the property, we are concerned that this appeal is moot.

After calling this issue to Appellant's attention, we gave him until April 17, 2026 to show grounds for continuing the appeal and warned him that the appeal could be dismissed. *See* Tex. R. App. P. 42.3(a), 44.3. But that deadline has passed, and he has not responded.

Because Appellant is no longer in possession of the property; because he has not identified an ongoing, live controversy between the parties; and because he has not responded with any other grounds for continuing the appeal, we vacate the trial court's judgment and dismiss the case as moot. Tex. R. App. P. 43.2(e); *see Marshall*,

198 S.W.3d at 785–90 (holding that because the "case [wa]s moot[,] . . . the court of appeals erred in dismissing only the appeal and leaving the trial court's judgment in place"); *Hizar v. 777 ER, LLC*, No. 02-24-00549-CV, 2025 WL 876778, at *1 (Tex. App.—Fort Worth Mar. 20, 2025, no pet.) (vacating judgment and dismissing case in a similarly moot appeal from a forcible-detainer judgment).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: May 14, 2026