**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00186-CV**
_____

**ALISHA GARRETT, Appellant**

**V.**

**VELMA JETER, Appellee**

**On Appeal from the County Court at Law No. 2**
**Orange County, Texas**
**Trial Cause No. 25508A**

**MEMORANDUM OPINION**

Alisha Garrett filed a notice of appeal from a judgment granting a writ of possession in a forcible-detainer action. Garrett did not supersede the judgment. In her brief, Appellee informed the Court that Garrett vacated the apartment and removed her possessions from the premises. Because Garrett is no longer in possession of the premises, Appellee argues the appeal is moot.

1

The only issue in a forcible-detainer action is who has the right to actual possession of the property. *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006). A forcible-detainer appeal becomes moot upon an appellant's eviction from the property unless the appellant holds and asserts a meritorious claim of the right to current, actual possession of the property or unless damages or attorney's fees remain at issue. *Ratliff v. Homes by Ashley, Inc.*, No. 02-20-00014-CV, 2020 Tex. App. LEXIS 1919, at *1-2 (Tex. App.—Fort Worth Mar. 5, 2020, no pet.) (mem. op.); *see also Leal v. SF Revocable Living Tr.*, No. 09-15-00254-CV, 2017 Tex. App. LEXIS 5755, at *5-8 (Tex. App.—Beaumont June 22, 2017, no pet.) (mem. op.). According to the appellate record, the appeal from the County Court at Law No. 2 to this Court is on the issue of possession alone, an issue which is now moot.

Appellant has not shown that a justiciable controversy still exists. Accordingly, we dismiss the appeal as moot.

APPEAL DISMISSED.

KENT CHAMBERS
Justice

Submitted on June 3, 2026
Opinion Delivered June 4, 2026

Before Golemon, C.J., Wright and Chambers, JJ.