

# NUMBER 13-13-00581-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MARY FOWLER,** **Appellant,**

**v.**

**GUS MONTIS, ARGIRO INVESTMENTS, L.L.C.,** **Appellee.**

---

### On appeal from the County Court at Law No. 5
### of Nueces County, Texas.

---

# ORDER

### Before Justices Rodriguez, Garza, and Perkes
### Order Per Curiam

On February 10, 2014, we abated to the county court the issue regarding the sufficiency of appellant's personal surety bond, which named this Court as the payment creditor. The county court conducted a hearing to determine whether the writ of possession was stayed, whether appellant timely and sufficiently filed a supersedeas

bond, and the county court's jurisdiction to modify the supersedeas bond. Pursuant to this Court's abatement order, the county court provided findings of fact and conclusions of law. Upon reviewing the abatement hearing record and the county court's findings of fact and conclusions of law, we reinstate this appeal. We agree with the county court's conclusion of law that appellant's personal surety bond was insufficient because it was payable to this Court rather than appellees, the judgment creditor. *See* TEX. R. APP. P. 24.1(b)(1)(B) ("A bond must be payable to the judgment creditor."). Thus, the county court's judgment may be enforced, "including issuance of a writ of possession evicting the tenant from the premises." *Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 786 (Tex. 2006); *see* TEX. PROP. CODE ANN. § 24.007 (West, Westlaw through 2013 3d C.S.) ("A judgment of the county court in an eviction suit may not under any circumstances be stayed pending appeal unless, within 10 days of signing the judgment, the appellant files a supersedeas bond in an amount set by the county court."). There is no stay on the writ of possession.

Appellant's failure to file a proper supersedeas bond precludes a stay of the writ of possession, but it does not divest appellant of her right to appeal. *Marshall*, 198 S.W.3d at 786–87.

In this case, the clerk's record and the reporter's record have been filed. Appellant has neither filed her brief nor filed a motion for extension of time to file her brief. Accordingly, we ORDER appellant to either file her brief within twenty-one days from the date of this order or file an appropriate motion for extension of time to file the brief that is in compliance with the appellate rules. *See* TEX. R. APP. P. 10.5, 38.6. The failure to

2

timely file the brief or to comply with this directive or other Court order may result in the dismissal of this appeal.   *See id.* R. 38.8, 42.3.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
22nd day of July, 2014.