# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00242-CV

**Ronda Floyd, Appellant**

**v.**

**21st Mortgage Corporation, Appellee**

FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY,
NO. C-1-CV-13-010581, HONORABLE DAVID J. PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this forcible-detainer action, appellant Ronda Floyd appeals from the trial court's judgment granting possession of certain real property to appellee 21st Mortgage Corporation. *See* Tex. Prop. Code § 24.002 (statutory remedy of forcible detainer). On October 16, 2014, 21st Mortgage filed a motion to dismiss this appeal for lack of jurisdiction. Specifically, 21st Mortgage argues that this appeal has become moot because Floyd failed to supersede enforcement of the judgment, the trial court issued a writ of possession, and upon execution of the writ, 21st Mortgage obtained possession of the property.

The only issue in a forcible-detainer action is the right to actual possession of the premises. Tex. R. Civ. P. 510.3(e); *see also Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). Under the Texas Property Code, a judgment in a forcible-detainer action "may not under any circumstances be stayed pending appeal unless, within ten days of the

signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court." Tex. Prop. Code § 24.007. An appellant's failure to supersede a forcible-detainer judgment will not divest an appellant of her right to appeal, but does subject the judgment to enforcement, including the issuance of a writ of possession. *Marshall*, 198 S.W.3d at 786-87. When the appellant ceases to have actual possession of the property, an appeal of a judgment in a forcible-detainer action becomes moot unless the appellant holds and asserts "a potentially meritorious claim of right to current, actual possession." *Id.* at 787.

Here, the record establishes that the trial court signed the judgment of possession on March 24, 2014; Floyd did not supersede the judgment, and 21st Mortgage subsequently obtained possession of the property by execution of a writ of possession.[1] Floyd has not responded to 21st Mortgage's assertion that this appeal is moot, but concedes in her brief that she is no longer in possession of the property. In addition, the substance of Floyd's appellate arguments is that the underlying deed of trust and foreclosure, through which 21st Mortgage obtained title to the property, were wrongful and invalid. These challenges, even if meritorious, cannot be resolved in this forcible-detainer action and cannot form the basis of a "potentially meritorious claim of right

---

[1] The record shows that the judgment of possession did not set an amount for supersedeas. Although Floyd filed a motion to set bond, it was not filed until April 16, 2014, well after the 10-day statutory deadline for filing a supersedeas bond had passed. *See* Tex. Prop. Code § 24.007. Furthermore, Floyd does not dispute that she is no longer in actual possession of the property and any complaint she may have regarding the trial court's failure to set an amount for supersedeas bond cannot provide "a potential basis for a claim" that she is "entitled to current, actual possession." *See Wilhelm v. Federal Nat'l Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *see also Peck v. Federal Home Loan Mortg. Corp.*, No. 03-13-00362-CV, 2013 WL 6805665, at *2 (Tex. App.—Austin Dec. 18, 2013, no pet.) (mem. op.) (concluding that appellant failed to provide potential basis for claim of entitlement to current, actual possession where issues on appeal were limited to trial court's failure to set amount for supersedeas bond).

to current, actual possession." *See Wilhelm v. Federal Nat'l Mortg. Ass'n*, 349 S.W.3d 766, 768-69 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (concluding that pending suit for wrongful foreclosure did not provide a "potential basis for a claim" that appellant was "entitled to current, actual possession"); *Resendez v. FV REO I, LLC*, No. 03-13-00201-CV, 2014 WL 411720, at *2 (Tex. App.—Austin Jan. 31, 2014, no pet.) (mem. op.) (concluding that claim of wrongful foreclosure could not be resolved in forcible-detainer action and could not provide basis for "potentially meritorious claim of right to current, actual possession" because claim was independent of issue of right to immediate possession).

Because Floyd is no longer in possession of the property and has not asserted a potentially meritorious claim of right to current, actual possession, Floyd's appeal is moot. *See Marshall*, 198 S.W.3d at 787. Accordingly, we grant appellee's motion and dismiss the appeal as moot.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Dismissed on Appellee's Motion

Filed: January 30, 2015

3