Court Of Appeals Number 04-15-00440-CV
Trial Court Case Number 15-241CCL

Enclosed is a writ of possession Hand delivered On July 25, 2015 To Us Joe and Jane Gomez

Please review as we where not inform about supersedes bond by Kendall county court or by Susan Jackson deputy county clerk. Any help we can receive on this matter will be very appreciated. As we done have the funds to move at this point And don't have Family to move in with. We believe

Sincerely
Joe and Janie Gomez

*Janie Gomez*

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS
2015 JUL 29 PM 3: 34
Keith E. Hottle
KEITH E. HOTTLE, CLERK

We are in firm believe that This Writ of Possession was issued in Retaliation. Because we filed with the Fourth Court of Appeals. Also amounts of funds has change from 72.50 for hate fees. pluse filing fee 161⁰⁰ To 935⁰⁰

*Janie Gomez*

CAUSE NO. 15-241CCL

**DEFENDANT'S COPY**

| | | |
|---|---|---|
| THOMAS L. DASHIELL | § | IN THE COUNTY COURT |
| VS. | § | AT LAW |
| JOE GOMEZ AND JANIE GOMEZ | § | KENDALL COUNTY, TEXAS |

## WRIT OF POSSESSION

**TO ANY SHERIFF OR CONSTABLE OF THE STATE OF TEXAS----GREETING:**

WHEREAS, on the 18th day of June, 2015 in the above cause, judgment was granted against JOE and JANIE GOMEZ, 17 Hwy. 473 #3, Comfort, Texas 78013, in Kendall County, Texas, Defendants, entitling Plaintiff, THOMAS L. DASHIELL, to possession of the premises located at 17 Hwy. 473 # 3, Comfort, Texas 78013 in Kendall County, Texas with the following legal description:

17 HWY. 473 #3, COMFORT, KENDALL COUNTY, TEXAS 78013

Together with the sum of $935.00 past rentals and late fees, plus $161.00 filing fees and also the further costs of executing this writ.

**YOU ARE THEREFORE COMMANDED TO:**

Post a written warning of at least 8½ by 11 inches on the exterior of the front door of the premises, notifying the tenant that this Writ has been issued and that it will be executed on or after a specific date and time stated in the warning not sooner than 24 hours after the warning is posted; and when the Writ is executed:

Deliver possession of the premises to the Plaintiff; instruct the tenant and all persons claiming under the tenant to leave the premises immediately, and, if the persons fail to comply, physically remove them; instruct the tenant to remove or to allow the Plaintiff, the Plaintiff's representatives, or other persons acting under the officer's supervision to remove all personal property from the premises other than personal property claimed to be owned by the Plaintiff; and place, or have an authorized person place, the removed personal property outside the premises at a nearby location, but not blocking a public sidewalk, passageway, or street and not while it is raining, sleeting, or snowing.

**YOU ARE HEREBY AUTHORIZED AT YOUR DISCRETION TO:**

Engage the services of a bonded warehouseman to remove and store, subject to applicable law, part or all of the property at no cost to the Plaintiff or the officer executing the Writ.

**YOU ARE HEREBY NOTIFIED THAT:**

Pursuant to applicable law, you are not liable for damages resulting from the execution of this Writ if you execute this Writ in good faith and with reasonable diligence; and you may, if necessary, use reasonable force in executing this Writ.

**HEREIN FAIL NOT,** but of this writ make due return thereof showing how you have executed the same;

**WITNESS BY HAND AND SEAL OF SAID COURT** at office in the City of Boerne, County of Kendall, Texas, this 24th day of July, 2015.



Susan Jackson, District Clerk
Kendall County, Texas

By _Susan Jackson_

# SHERIFF'S RETURN

Came to hand on the 25th day of July, 20 15, at 9:30 o'clock A M., and executed on the ___ day of ___, 20___ at ___ o'clock___ M., by placing THOMAS L. DASHIELL, Plaintiff, in possession of the following property as directed in this Writ:

_____

_____

Fees: _____

_____
~~Sheriff~~ / Constable

_____County, Texas

By _____Deputy

NO. 15-241-CCL

| | | |
|---|---|---|
| THOMAS L. DASHIELL | * | IN THE COUNTY COURT |
| | * | |
| | * | |
| V. | * | AT LAW |
| | * | |
| JOE and JANIE GOMEZ | * | KENDALL COUNTY, TEXAS |

ORDER

On June 18, 2015 the Court entered its "Eviction Judgment" in the above cause.

On June 29, 2015 Janie Gomez filed her Notice of Appeal together with an Affidavit of Inability to pay Appeal Bond.

Texas Property Code §24.007 regarding the requirements for an appeal from the County Court states:

§24.007(a) a judgment of a county court in an eviction case may not under *any circumstances* be stayed pending appeal unless, within 10 days of the signing of the judgment the appellant files a supersedeas bond in an amount set by the county court... (emphasis added)

Appellants did not file a supersedeas bond in conformity with Texas Property Code § 24.007(a).

Marshall v Housing Authority of the City of San Antonio, 198 S.W.3d 782, 786 (Tex. 2006) "The Texas Property Code provides that judgment in a forcible detainer action may not be stayed pending appeal unless the appellant timely files a supersedeas bond in the amount set by the trial court. TEX. PROP. CODE § 24.007. Thus, if a proper supersedeas bond is not filed, the judgment may be enforced, including issuance of a writ of possession evicting the tenant from the premises."

*See,* Marshall v Housing Authority of the City of San Antonio, 183 S.W.3d 6?9 (Tex.App.-San Antonio 2003)( Pet. granted)

IT IS, THEREFORE ORDERED that the Clerk of the Court issue as per the Judgment of June 18, 2015 the Writ of Possession for the premises described as:

**17 HWY. 473 #3, COMFORT, KENDALL COUNTY, TEXAS**

Signed this 21st day of July 2015

JUDGE BILL PALMER

CERTIFIED TRUE AND CORRECT COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KENDALL
The document to which this certificate is affixed, containing ___ pages, is a full, true and correct copy of the original on file and of record in my office.
ATTEST: August 22 2015
SUSAN JACKSON
KENDALL COUNTY, TEXAS
BY: ___ DEPUTY

FILED
15 JUL 21 PM 4: 02
SUSAN JACKSON, DISTRICT CLERK
KENDALL COUNTY, TEXAS
BY: ___ DEPUTY

Copy mailed to Joe & Janie Gomez 7/21/15 — P.O. Box 53, Comfort, TX 78013
and Thomas L. Dashiell 7/21/15
143 Joniek Pass Rd
Boerne TX 78006

NO. 15-241-CCL

| THOMAS L. DASHIELL | * | IN THE COUNTY COURT |
| | * | |
| | * | |
| V. | * | AT LAW |
| | * | |
| JOE and JANIE GOMEZ | * | KENDALL COUNTY, TEXAS |

## EVICTION JUDGMENT

On the June 18, 2015, came on to be heard the above entitled numbered cause.

The Plaintiff, THOMAS L. DASHIELL, appeared and announced ready for trial. The Defendants, JOE and JANIE GOMEZ, given notice of hearing, failed to appear.

The Court, after hearing the evidence and arguments, finds that the Plaintiff is entitled to Judgment.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Plaintiff, THOMAS L. DASHIELL, have Judgment for possession of the premises and Writ of Possession for the premises described as:

## 17 HWY. 473 #3, COMFORT, KENDALL COUNTY, TEXAS

IT IS FURTHER ORDERED, that THOMAS L. DASHIELL have judgment against JOE GOMEZ AND JANIE GOMEZ for past rentals in the amount of $ 935.00 together with post judgment interest on said amount being 5% per annum.

All costs of Court expended or incurred in this cause are adjudged against Defendants for let execution issue.

All writs and processes for the enforcement and collection of this Judgment or the costs of court may issue as necessary. All other relief not expressly granted herein is denied.

Signed this ___18___ day of ___June___, 2015

JUDGE BILL PALMER

CC: Joe Gomez and Janie Gomez
    Thomas L. Dashiell

**CERTIFIED TRUE AND CORRECT COPY CERTIFICATE**
**STATE OF TEXAS**
**COUNTY OF KENDALL**
The document to which this certificate is affixed, containing __1__ pages, is a full, true and correct copy of the original on file and of record in my office.



ATTEST: ___July 22___ 20_15_
SUSAN JACKSON
KENDALL COUNTY, TEXAS
BY ___Susan Jackson___ DEPUTY

FILED
15 JUN 18 PM 2: 22
SUSAN JACKSON DISTRICT CLERK
KENDALL COUNTY, TEXAS
BY _____ DEPUTY

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Barbara Griffin
Assistant Attorney General

## Footnotes

1. An appeal from a justice court to a county court is tried de novo. Tex. R. Civ. P. 574b.

2. You inform us that this sum comprises a judicial salary fee ($30); security fee ($5); record management fee ($5); clerk's fee ($40); court reporter service fee ($15); bailiff fee ($30); law library fund fee ($15); appellate fee ($5); and mediation fund fee ($10).

3. Rule 143a provides: "If the applicant fails to pay the costs on appeal from a judgment of a justice of the peace or small claims court within twenty (20) days after being notified to do so by the county clerk, the appeal shall be deemed not perfected and the county clerk shall return all papers in said cause to the justice of the peace having original jurisdiction and the justice of the peace shall proceed as though no appeal had been attempted."

4. Rule 573 provides: "When the bond, or the affidavit in lieu thereof, provided for in the rules applicable to justice courts, has been filed and the previous requirements have been complied with, the appeal shall be held to be perfected."

5. Rule 47(a) provides: "[A] judgment debtor may suspend the execution of the judgment by filing a good and sufficient bond to be approved by the clerk, subject to review by the court on hearing, or making the deposit provided by rule 48, payable to the judgment creditor in the amount provided below, conditioned that the judgment creditor shall prosecute his appeal or writ of error with effect and, in case the judgment of the Supreme Court or court of appeals shall be against him, he shall perform its judgment, sentence or decree and pay all such damages and costs as said court may award against him."

6. Rule 145 of the Texas Rules of Civil Procedure, which allows a party filing an original action to file an affidavit of inability to pay

both rules 143a and 571, the court, analogizing a justice court appeal bond to a supersedeas bond, stated that a supersedeas bond may serve as a cost bond if it is sufficient to secure the costs. The court upheld the dismissal of Mr. Almahrabi's appeal on the grounds that the amount of the bond was insufficient. "Appellant is $110 short," the court said. *Almahrabi*, 868 S.W.2d at 10. We can only assume that if Mr. Almahrabi's bond had been in the amount of $10,110, the court would have ruled that his appeal was perfected.

We turn now to your question regarding the effect of the filing of an affidavit of inability pur-suant to rule 572. Rule 572 provides: "Where appellant is unable to pay the costs of appeal, or give security therefor, he shall nevertheless be entitled to appeal by making strict proof of such inability within five days after the judgment or order overruling motion for new trial is signed . . . ." Tex. R. Civ. P. 572. The affidavit of inability may be contested by the appellee and, if the justice court denies appellant's right of appeal upon the affidavit, the matter will be heard by the county judge. *Id.*

Rule 572 recognizes the principle set out in the Texas Constitution that courts must be open to all persons with legitimate disputes, not just those who can afford to pay the fees to get in. *See* Tex. Const. art. I, § 13 ("All courts shall be open, and every person for an injury done him . . . shall have remedy by due course of law."); *Griffin Indus., Inc. v. Thirteenth Court of Appeals*, 934 S.W.2d 349, 353 (Tex. 1996). The rule was intended to allow a person unable to pay costs or to give security therefor to perfect an appeal. An appellant from a justice court who files an affidavit of inability pursuant to rule 572 is not required to comply with a request for payment of costs made pursuant to rule 143a in order to perfect an appeal.[6]

## SUMMARY

An appellant from a justice court who files an appeal bond in compliance with rule 571 of the Texas Rules of Civil Procedure also complies with rule 143a of the rules if the bond is in an amount sufficient to cover the costs of appeal. An appellant from a justice court who files an affidavit of inability pursuant to rule 572 is not required to comply with a request for payment of costs made pursuant to rule 143a in order to perfect an appeal.

Yours very truly,

Morales
signature

costs, might also apply to appeals from justice courts, since justice court appeals are filed as original actions and tried de novo. We do not believe that the rules require an appellant to file a rule 145 affidavit if an affidavit has already been filed pursuant to rule 572.

---

Texas OAG home page | Opinions & Open Government