

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00210-CV

Randy **RUSTON** and Amanda Ruston,
Appellants

v.

**JUMP ENTERPRISES, LLC**,
Appellee

From the County Court, Atascosa County, Texas
Trial Court No. 4696
Honorable Bob Brendel, Judge Presiding

PER CURIAM

Sitting:      Beth Watkins, Justice
              Liza A. Rodriguez, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: August 11, 2021

DISMISSED FOR WANT OF JURISDICTION

This is an appeal in a forcible detainer action. Appellants Randy Ruston and Amanda Ruston challenge the Atascosa County Court at Law's May 7, 2021 judgment of possession in favor of appellee Jump Enterprises, LLC. We conclude this appeal is moot and dismiss it for want of jurisdiction.

### BACKGROUND

On April 16, 2021, Jump Enterprises filed a forcible detainer action in an Atascosa County justice court, seeking to evict the Rustons on the grounds that Jump Enterprises had "purchased

the property at foreclosure sale" and "[the Rustons] have no right to possession." The Rustons did not appear at the hearing on Jump Enterprises' petition, and the justice court signed a default judgment of eviction awarding possession of the premises to Jump Enterprises. The Rustons appealed to the county court at law and filed a Statement of Inability to Afford Payment of Court Costs or an Appeal Bond. After a hearing at which Jump Enterprises and appellant Amanda Ruston appeared, the county court at law signed a May 7, 2021 judgment awarding possession of the premises to Jump Enterprises and setting a supersedeas bond of $21,600.

The Rustons timely appealed the county court at law's judgment to this court, and they again filed a Statement of Inability to Afford Payment of Court Costs or an Appeal Bond. On May 19, 2021, the county court at law signed an Order Authorizing Writ of Possession finding, inter alia, that the Rustons had not paid the supersedeas bond and that its judgment therefore was not stayed pending the appeal to this court. On May 25, 2021, the county court at law signed a writ of possession, which the Atascosa County Sheriff executed on June 14, 2021. The officer's return states that the execution placed a third party in possession of the property.

## ANALYSIS

### *Applicable Law*

The only issue in a forcible detainer action is the right to actual possession of the property. *See* TEX. R. CIV. P. 510.3(e); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *see also* TEX. PROP. CODE ANN. § 24.001–.002. A judgment of possession in such an action determines only the right to immediate possession and is not a final determination of whether an eviction is wrongful. *Marshall*, 198 S.W.3d at 787. When a forcible detainer defendant fails to file a supersedeas bond in the amount set by the county court at law, the judgment may be enforced and a writ of possession may be executed, evicting the defendant from the property. *See* TEX. PROP. CODE ANN. § 24.007; TEX. R. CIV. P. 510.13; *Marshall*, 198 S.W.3d at 786.

In an appeal to this court from a county court at law's judgment of eviction, a party's indigence does not relieve her of the obligation to file a supersedeas bond. *See* TEX. PROP. CODE § 24.007 ("A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court."); *Johnson v. Freo Tex. LLC*, No. 01-15-00398-CV, 2016 WL 2745265, at *2 (Tex. App.—Houston [1st Dist.] May 10, 2016, no pet.) (mem. op.). If the appellant fails to supersede the judgment and loses possession of the property, the appeal is moot unless she: (1) timely and clearly expressed her intent to appeal and (2) asserted "a potentially meritorious claim of right to current, actual possession of the [property]." *See Marshall*, 198 S.W.3d at 786–87.

### *Application*

Here, the record appears to show that the Rustons failed to supersede the judgment, the writ of possession was executed, and a third party took possession of the premises. As a result, we ordered the Rustons to file a written response by July 23, 2021 explaining: (1) whether the writ of possession was executed; and (2) why this appeal should not be dismissed as moot. The Rustons did not respond to our order. Because the Rustons have not shown they have a potentially meritorious claim of right to current, actual possession of the premises, we conclude their appeal is moot. *See id.*; *Stone v. K Clark Prop. Mgmt. LLC*, No. 04-20-00124-CV, 2020 WL 2139294, at *2 (Tex. App.—San Antonio May 6, 2020, no pet.) (mem. op.). We therefore dismiss this appeal for want of jurisdiction.

PER CURIAM