**Conditionally Granted and Opinion Filed January 27, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-01073-CV

## IN RE RENT SPACE MGMT LLC, Relator

**Original Proceeding from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-21-04670-A**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Partida-Kipness

In this original proceeding, relator Rent Space Mgmt LLC (Rent Space) seeks relief from the trial court's order abating the underlying forcible detainer suit. Rent Space seeks a writ of mandamus directing the trial court to lift the abatement, reinstate the underlying proceeding, and set the case for trial. We requested a response from real party in interest Tyra Goodley and from the Respondent. No responses were filed. After reviewing the petition and mandamus record, we conclude Rent Space is entitled to relief and conditionally grant the petition.

## BACKGROUND

On July 28, 2021, Rent Space initiated a forcible detainer suit against Tyra Goodley in the justice court. The amended eviction petition listed "holding over" as

the sole ground for the eviction, noting that the "non-renewal" of the lease was "issued 2/8/21." Rent Space did not mark "non-payment of rent" as a ground for eviction and sought no recovery of rent due. The petition included a request for $1,500 in attorney's fees. On October 14, 2021, the justice court held a jury trial on relator's forcible detainer suit. The jury returned a verdict for Rent Space for possession of the property and for a judgment of $1,936.50 in attorney's fees and costs of court. On October 20, 2021, Goodley appealed the judgment to the county court by filing a statement of inability to pay.

On November 2, 2021, the county court notified the parties that the case was set for non-jury trial on December 2, 2021. The day before the trial setting, however, the county court entered a notice of hearing, stating that "[t]he hearing on the MOTION – REINSTATE has been set for January 31, 2022 @ 9:30 a.m." No motion to reinstate had been filed, and the case was not abated at that time.

On December 2, 2021, Rent Space appeared for trial and announced ready. Neither Goodley nor her counsel appeared. But the trial did not proceed as scheduled. Instead, the trial judge expressed her understanding that Rent Space "has received money from the Eviction Diversion Program" and, as a result, "the case will have to be abated pursuant to the Supreme Court emergency order." When Rent Space's counsel explained that Rent Space had accepted funds from a rental assistance program but not from the Eviction Diversion Program, the trial judge stated that "the emergency orders apply to both" and abated the case. Counsel

–2–

objected, arguing that the emergency order applies only to forcible-detainer suits based, in whole or in part, on the nonpayment of rent, and Rent Space's forcible-detainer suit was based solely on Goodley holding over. The judge nonetheless abated the case, stating that, "if [relator] accepted funds, then he agreed to participate in the program, which allows for a 60-day abatement." The abatement order "incorporates by reference the Texas Supreme Court's currently effective[1] Emergency Order regarding the COVID-19 State of Disaster," abates the case for sixty days, and states that to reinstate the case, Rent Space "must file a motion to reinstate as described in the then effective Texas Supreme Court Emergency Order."

This mandamus proceeding followed. Rent Space argues that the trial court abused its discretion by administratively closing and abating the underlying case because the suit was not based on nonpayment of rent and was, therefore, not subject to abatement under the supreme court's Emergency Orders. Rent Space further contends that it lacks an adequate remedy by appeal because the abatement violates its substantial right to a speedy, summary, and inexpensive determination of the

---

[1] The trial judge indicated at trial that she was unsure which emergency order was then in effect, stating "Let's see. It starts with 42, 43, 44 and goes forward from there." The "Forty-Fourth Order Regarding The COVID-19 State of Disaster" was the emergency order in effect when the trial court abated the case. *Forty-Fourth Emergency Order Regarding The Covid-19 State of Disaster*, Misc. Docket No. 21-9139 (Tex. Nov. 10, 2021), available at https://www.txcourts.gov/media/1453116/219139.pdf. The Texas Supreme Court renewed the forty-fourth order on December 21, 2021, in the Court's "Forty-Sixth Order Regarding The COVID-19 State of Disaster," which expires March 1, 2022. *Forty-Sixth Emergency Order Regarding The Covid-19 State of Disaster*, Misc. Docket No. 21-9156 (Tex. Dec. 21, 2021), available at https://www.txcourts.gov/media/1453386/219156.pdf. These orders are substantively identical. We, therefore, refer to these orders collectively herein as "Emergency Orders."

eviction suit, and Rent Space cannot make the showing required under the Emergency Orders to obtain reinstatement.

## STANDARD OF REVIEW

Entitlement to mandamus relief requires relator to show that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

## APPLICABLE LAW

In September 2020, the Texas Supreme Court established the Texas Eviction Diversion Program (TEDP) "in an effort to curb the possible surge of evictions due to the COVID-19 pandemic, assist Texas's most vulnerable tenants, and provide landlords with an alternative to eviction." *Twenty-Seventh Emergency Order Regarding COVID-19 State of Disaster*, 609 S.W.3d 138 (Tex. 2020).[2] If a landlord and tenant agree to participate in TEDP, they may then seek an abatement of the eviction proceeding to "pursue rent assistance" through TEDP, such that the landlord obtains funds through TEDP to replace the tenant's rent, and the tenant avoids eviction. *See State of Tex. Eviction Diversion Program Info. Sheet*,

---

[2] "The Supreme Court of Texas established the Texas Eviction Diversion Program (TEDP) through the Twenty-Seventh Emergency Order Regarding the COVID-19 State of Disaster (which has been renewed through the Twenty-Eighth, Thirty-First, Thirty-Fifth Emergency, Thirty-Seventh, Thirty-Ninth, Forty-Second, and Forty-Fourth Orders). With funding allocated by Governor Greg Abbott through the Texas Department of Housing and Community Affairs, the program seeks to reduce the number of evictions by enabling landlords and tenants to agree upon a resolution to non-payment of rent issues." Texas Judicial Branch, *Eviction Diversion Program*, https://www.txcourts.gov/programs-services/eviction-diversion-program/ (last visited Jan. 21, 2022). As noted above, the Texas Supreme Court renewed the forty-fourth order on December 21, 2021, in the Court's "Forty-Sixth Order Regarding The COVID-19 State of Disaster." The forty-sixth order expires March 1, 2022. The forty-fourth and forty-sixth orders are the orders applicable here.

https://www.txcourts.gov/media/1452487/trr-eviction-diversion-program.pdf (last visited Jan. 21, 2022); *see also Tex. Judicial Branch, Eviction Diversion Program*, https://www.txcourts.gov/programs-services/eviction-diversion-program/ (last visited Jan. 21, 2022).

The Emergency Orders at issue here provide certain protections for residential tenants who have been sued for eviction under Chapter 24 of the Texas Property Code and Rule 510 of the Texas Rules of Civil Procedure when the suit is "based, in whole or in part, on the nonpayment of rent." *Emergency Orders* at ¶ 3. At the trial of such cases, the trial court "must confirm whether or not the plaintiff-landlord has any pending applications for rental assistance, including applications for rental assistance through the Texas Eviction Diversion Program, or has provided any information or documentation directly to a rental assistance provider for the purpose of receiving rental assistance." *Emergency Orders* at ¶ 3(b)(ii). "[I]f the plaintiff-landlord has a pending application for rental assistance or the plaintiff-landlord and defendant-tenant both express an interest in participating in an available rental assistance program" then the Emergency Orders require trial courts to "immediately abate the eviction action for 60 days." *Emergency Orders* at ¶ 3(b)(iv)(A). To reinstate an action abated under Paragraph 3(b)(iv), the plaintiff-landlord must file a motion to reinstate within the abatement period, serve the defendant-tenant with the motion, and "show that the application for rental assistance, including an application to participate in the Texas Eviction Diversion Program, has been denied, canceled,

or withdrawn." *Emergency Orders* at ¶ 5. Upon this showing, the trial judge must reinstate the eviction action and set the action for trial "as soon as practicable, but no later than 21 days after the date the order is signed." *Id.* If the landlord does not file and serve a motion to reinstate within the abatement period, the judge must dismiss the action, including any claims that do not involve the nonpayment of rent with prejudice. *Id.* at ¶ 6. The judge must dismiss the action the day after the abatement period expires, without any need for a motion or request from the parties. *Id.*

## ANALYSIS

Rent Space maintains the trial court abused its discretion by abating the underlying suit because the suit was not brought based on the nonpayment of rent. We agree. The Emergency Orders' protections for tenants are plainly confined to cases "based, in whole or in part, on the nonpayment of rent." *Emergency Orders* at ¶ 3. Here, the eviction suit does not involve non-payment of rent. The amended petition seeks eviction solely based on "holding over" and notes that the nonrenewal of the lease was issued back in February 2021. Rent Space sought no recovery of rent in the underlying action. Rent Space's eviction suit against Goodley was, therefore, not subject to the Emergency Orders' abatement provision. The trial court abused its discretion by applying the Emergency Orders to the suit and by abating the action.

Rent Space also lacks an adequate appellate remedy. A forcible detainer "action 'is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property.'" *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 919 (Tex. 2013) (quoting *Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006)). Indeed, Rule 510.7(c) has an express prohibition against postponing the trial of a forcible-detainer suit by more than seven days unless agreed to by the parties. TEX. R. CIV. P. 510.7(c). Here, the trial court's abatement order threatens relator's substantial right to proceed to a resolution of the forcible-detainer suit within a reasonable time. We, therefore, conclude Rent Space lacks an adequate appellate remedy. *See In re Catapult Realty Cap., L.L.C.*, No. 05-19-00109-CV, 2020 WL 831611, at *10 (Tex. App.—Dallas Feb. 20, 2020, orig. proceeding) (mem. op) (concluding that relator lacked adequate remedy by appeal because the abatement order denied relator the right to proceed to a resolution of the forcible-detainer action within reasonable time).

In addition to seeking reinstatement, Rent Space also asks this Court to instruct the trial court on remand "to determine the default procedures that apply and to limit the proceedings as appropriate" in light of Goodley's failure to appear at the December 2, 2021 trial. Rent Space also requests that we instruct the trial court to treat December 2, 2021, "as the appropriate date to determine the timeliness of any demand for jury trial or other pretrial filings." We deny these requests because Rent

Space has not yet submitted the requests to the trial court for consideration. We express no opinion on the merits of these requests.

## CONCLUSION

Under this record, we conclude the trial court abused its discretion by abating the underlying proceeding, and Rent Space lacks an adequate remedy by appeal. Accordingly, we conditionally grant the petition for writ of mandamus. We direct the trial court to, within five days of the date of this opinion, vacate the December 2, 2021 order administratively closing the case, reinstate the underlying proceeding, and set the case for trial no later than twenty-one days after the case is reinstated.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

211073F.P05