

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00392-CV

Douglas **CROUSE** and April Marble,
Appellants

v.

**KENTON PLACE APARTMENTS**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2022CV01554
Honorable J. Frank Davis, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
              Beth Watkins, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: November 30, 2022

DISMISSED FOR LACK OF JURISDICTION

Appellants attempt to appeal the trial court's judgment awarding possession of real property to Kenton Place Apartments. The trial court signed the judgment on July 1, 2022.

The only issue in a forcible detainer action is the right to actual possession of the property. TEX. R. CIV. P. 510.3(e); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *see also* TEX. PROP. CODE ANN. §§ 24.001–.002. A judgment of possession in such an action determines only the right to immediate possession and is not a final determination of whether an eviction is wrongful. *Marshall*, 198 S.W.3d at 787. When a forcible detainer

defendant fails to file a supersedeas bond in the amount set by the county court, the judgment may be enforced and a writ of possession may be executed, evicting the defendant from the property. *See* TEX. PROP. CODE ANN. § 24.007; TEX. R. CIV. P. 510.13; *Marshall*, 198 S.W.3d at 786. If a forcible detainer defendant fails to supersede the judgment and loses possession of the property, the appeal is moot unless the defendant: (1) timely and clearly expressed his or her intent to appeal; and (2) asserted "a potentially meritorious claim of right to current, actual possession of the [property]." *Marshall*, 198 S.W.3d at 786–87.

A review of the clerk's record indicates appellants did not file a supersedeas bond. The clerk's record also shows a writ of possession was issued by the county clerk and the writ was executed on August 8, 2022. Therefore, on September 23, 2022, we ordered appellants to file a written response on or before October 24, 2022, explaining why this appeal should not be dismissed for lack of jurisdiction.[1] To date, appellants have not responded to our order. Accordingly, we dismiss this appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c).

PER CURIAM

---

[1] Our order was returned to the court as undeliverable to the mailing address provided by the appellants. Our clerk's office sent an email, to the email address provided by the appellants, requesting the appellants provide a proper mailing address to send the order. The appellants have not responded.