**Dismiss and Opinion Filed April 28, 2023**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-23-00231-CV**

**CHARLOTTE BUCKNER, Appellant**

**V.**

**WHITE ROCK HILL TOWNHOMES, Appellee**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-22-06021-B**

## MEMORANDUM OPINION

Before Justices Nowell, Goldstein, and Breedlove
Opinion by Justice Nowell

This is an appeal from the trial court's March 6, 2023 final judgment of possession in a forcible detainer suit. Asserting the appeal has become moot because appellant is no longer in possession of the subject property, appellee has filed a motion to dismiss.

The only issue in a forcible detainer suit is the right to actual possession of the premises. *See Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006). Unless the tenant has a "potentially meritorious claim of right to current, actual possession," the issue of possession and the case become moot when

the tenant vacates the property. *See id.* at 787. When a case becomes moot on appeal, an appellate court must set aside or vacate the trial court's judgment and dismiss the case. *See id.* at 785, 790.

Although appellant has had more than ten days to respond to appellee's motion, she has not done so. Accordingly, with nothing before us showing appellant has a "potentially meritorious claim of right to current, actual possession," we grant appellee's motion, vacate the trial court's March 6th judgment of possession, and dismiss the case. *See id.* at 790.

230231f.p05

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHARLOTTE BUCKNER, Appellant

No. 05-23-00231-CV          V.

WHITE ROCK HILL TOWNHOMES, Appellee

On Appeal from the County Court at Law No. 2, Dallas County, Texas
Trial Court Cause No. CC-22-06021-B.
Opinion delivered by Justice Nowell, Justices Goldstein and Breedlove participating.

In accordance with this Court's opinion of this date, we **VACATE** the trial court's March 6, 2023 judgment of possession and **DISMISS** the case.

Judgment entered this 28th day of April, 2023.