Fourth Court of Appeals
San Antonio, Texas


## MEMORANDUM OPINION

No. 04-23-00844-CV

La'Tesha **EVITT**,
Appellant

v.

**PECOR INVESTMENTS-2018-CLXIX, LP** dba Culebra Creek Apartment Homes,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2023CV00083
Honorable David J. Rodriguez, Judge Presiding

PER CURIAM

Sitting:     Patricia O. Alvarez, Justice
            Luz Elena D. Chapa, Justice
            Irene Rios, Justice

Delivered and Filed: January 17, 2024

DISMISSED FOR WANT OF JURISDICTION

Appellant attempts to appeal the trial court's judgment awarding possession of real property to Pecor Investments-2018-CLXIX, LP. The trial court signed the judgment on August 23, 2023.

The only issue in a forcible detainer action is the right to actual possession of the property. TEX. R. CIV. P. 510.3(e); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006). A judgment of possession in such an action determines only the right to immediate possession and is not a final determination of whether an eviction is wrongful. *Marshall*, 198

S.W.3d at 787. When a forcible detainer defendant fails to file a supersedeas bond in an amount set by the county court, the judgment may be enforced and a writ of possession may be executed, evicting the defendant from the property. *See* TEX. PROP. CODE ANN. § 24.007; TEX. R. CIV. P. 510.13; *Marshall*, 198 S.W.3d at 786. If a forcible detainer defendant fails to supersede the judgment and loses possession of the property, the appeal is moot unless the defendant: (1) timely and clearly expressed his or her intent to appeal; and (2) asserted "a potentially meritorious claim of right to current, actual possession of the [property]." *Marshall*, 198 S.W.3d at 787.

A review of the clerk's record indicates Appellant did not file a supersedeas bond. The clerk's record also shows a writ of possession was issued by the county clerk, and the writ was executed on September 26, 2023. Therefore, on November 28, 2023, we ordered Appellant to file a written response on or before December 27, 2023, explaining why this appeal should not be dismissed for want of jurisdiction. To date, Appellant has not responded to our order. Accordingly, we vacate the trial court's judgment and dismiss the case as moot. *See* TEX. R. APP. P. 42.3(a), (c); *Marshall*, 198 S.W.3d at 785.

PER CURIAM