

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00918-CV

Cortlandt **OVERBAY**,
Appellant

v.

**FRANKEL FAMILY TRUST** D/B/A Sedona Ranch Apartments,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2023-CV-05195
Honorable David J. Rodriguez, Judge Presiding

PER CURIAM

Sitting:     Beth Watkins, Justice
             Liza A. Rodriguez, Justice
             Lori I. Valenzuela, Justice

Delivered and Filed: February 7, 2024

DISMISSED FOR WANT OF JURISDICTION

This is an appeal in a forcible detainer action in which the clerk's record shows the county court at law signed a judgment of possession in favor of appellee on October 6, 2023. The clerk's record does not show that appellant paid a supersedeas bond to stay execution of the judgment. The record shows the county court at law subsequently issued a writ of possession to enforce the October 6 judgment, and the writ of possession was executed on November 9, 2023. The officer's return states that on the date the writ was executed, appellant's personal possessions were removed

from the premises, the locks were changed, and the property manager took possession of the premises.

The only issue in a forcible detainer action is the right to actual possession of the property. *See* TEX. R. CIV. P. 510.3(e); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *see also* TEX. PROP. CODE ANN. §§ 24.001–.002. A judgment of possession in such an action determines only the right to immediate possession and is not a final determination of whether an eviction was wrongful. *Marshall*, 198 S.W.3d at 787. When a forcible detainer defendant fails to pay a supersedeas bond in the amount set by the county court at law, the judgment may be enforced and a writ of possession may be executed, evicting the defendant from the property. *See* TEX. PROP. CODE ANN. § 24.007; TEX. R. CIV. P. 510.13; *Marshall*, 198 S.W.3d at 786. If a forcible detainer defendant fails to supersede the judgment and loses possession of the property, the appeal is moot unless he: (1) timely and clearly expressed his intent to appeal; and (2) asserted "a potentially meritorious claim of right to current, actual possession of the [property]." *See Marshall*, 198 S.W.3d at 786–87.

Because the record appeared to show that appellant did not pay a supersedeas bond to stay execution of the October 6, 2023 judgment and that the writ of possession was subsequently executed, we ordered appellant to file a written response by January 12, 2024 explaining why this appeal should not be dismissed as moot. Appellant did not file a response to our order. Accordingly, we dismiss this appeal.

PER CURIAM