**Opinion issued October 17, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00232-CV

———————————

**ANDREA WESTON AND FELIX WESTON, Appellants**

**V.**

**U.S. BANK TRUST NATIONAL ASSOCIATION, Appellee**

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1220486**

---

## MEMORANDUM OPINION

In this forcible-detainer action, appellants, Andrea and Felix Weston, proceeding pro se, appeal from the judgment and writ of possession granting possession of certain real property to appellee, U.S. Bank Trust National Association.

We dismiss the appeal for lack of jurisdiction as moot.

The only issue in a forcible-detainer action is the right to actual possession of the subject property and the merits of any title dispute shall not be adjudicated. *See Tellez v. Rodriguez*, 612 S.W.3d 707, 709 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (citing TEX. R. CIV. P. 510.3(e)). An appeal from a forcible-detainer action becomes moot if the appellants are no longer in possession of the property, unless the appellants hold and assert "a potentially meritorious claim of right to current, actual possession" of the property. *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 786–87 (Tex. 2006); *see also Wilhelm v. Fed. Nat'l Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Gallien v. Fed. Home Loan Mortg. Corp.*, No. 01-07-00075-CV, 2008 WL 4670465, at *2–4 (Tex. App.—Houston [1st Dist.] Oct. 23, 2008, pet. dism'd w.o.j.) (mem. op.).

On September 25, 2024, appellee filed a motion to dismiss, arguing that the appeal is moot because the writ of possession was executed, and "[a]ppellants ceased to occupy the [p]roperty on May 21, 2024 upon the execution of the Writ of Possession." Appellee further asserted that "the issue of possession was moot as of May 21, 2024," destroying this Court's jurisdiction over the appeal and requiring dismissal. The appellate record includes a return of writ of possession, filed in the trial court on May 29, 2024, confirming that on May 21, 2024, a writ of possession

on property was executed, and in connection with the execution of the writ of possession, appellants were "removed from" the property and "possession of [the property was] delivered to" appellee.

Appellants did not respond to the motion to dismiss but have submitted an appellants' brief. However, we conclude that appellants brief failed to assert a potentially meritorious claim of right to current, actual possession of the property. *See Marshall*, 198 S.W.3d at 787; *Wilhelm*, 349 S.W.3d at 768; *see also Soza v. Fed. Home Loan Mortg. Corp.*, No. 01-11-00568-CV, 2013 WL 3148616, at *1 (Tex. App.—Houston [1st Dist.] June 18, 2013, no pet.) (mem. op.) (stating appellant, who failed to respond to appellee's motion to dismiss, failed to assert potentially meritorious claim of right to current, actual possession).

Accordingly, we grant appellee's motion and dismiss the appeal as moot. *See Marshall*, 198 S.W.3d at 785, 787, 790; *Bey v. ASD Fin., Inc.*, No. 05-14-00534-CV, 2014 WL 4180933, at *1 (Tex. App.—Dallas Aug. 11, 2014, no pet.) (mem. op.) (dismissing appeal of forcible detainer action as moot because appellant no longer possessed property at issue); *Wilhelm*, 349 S.W.3d at 769; *see also* TEX. R. APP. P. 42.3(a), 43.2(f). All other pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Guerra, and Gunn.