

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00095-CV

_____

PROSPER GASHUSHO, Appellant

V.

OMBENI-SAIDI IVONNE-JUMA, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2024-007154-1

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Wallach

**MEMORANDUM OPINION**

Appellant Prosper Gashusho appeals from the trial court's judgment of possession in this eviction case. After we received the notice of appeal, we learned that the writ of possession issued in the case had been executed and that Gashusho was no longer in actual possession of the property at issue. Because we must dismiss an appeal for lack of jurisdiction when the case becomes moot, *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006), we notified Gashusho of our concern that the appeal had become moot and that we therefore had no jurisdiction. We stated that we would dismiss the appeal unless, by May 5, 2025, Gashusho or any party wishing to continue the appeal filed a response showing grounds for the appeal's continuing. We did not receive a response.

A case becomes moot if, at any stage of the proceedings, a controversy ceases to exist between the parties. *See id.*; *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). In an eviction case, a judgment of possession determines only the right to immediate possession and is not a final determination of whether an eviction was wrongful. Tex. R. Civ. P. 510.3(e); *Petitt v. Feist*, No. 04-24-00497-CV, 2024 WL 4497986, at *1 (Tex. App.—San Antonio Oct. 16, 2024, no pet.) (per curiam) (mem. op.). Because the only issue is the right to immediate possession, an appeal in an eviction case like this one becomes moot when the appellant vacates the property unless the appellant holds and asserts a meritorious claim of right to current, actual possession of the property. *Marshall*, 198 S.W.3d at 787.

Gashusho is no longer in actual possession of the property. Absent a response showing that Gashusho is holding and asserting a meritorious claim of right to current, actual possession of the property, we do not have jurisdiction over this appeal. We therefore dismiss the appeal for lack of jurisdiction. Tex. R. App. P. 42.3(a), 44.3.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  June 5, 2025