**Opinion issued July 22, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00232-CV

————————————

**ANDREA WESTON AND FELIX WESTON, Appellants**

**V.**

**U.S. BANK TRUST NATIONAL ASSOCIATION, Appellee**

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1220486**

---

## MEMORANDUM OPINION

In this forcible-detainer action, appellants, Andrea and Felix Weston, proceeding pro se, appeal from the judgment and writ of possession granting possession of certain real property to appellee, U.S. Bank Trust National

Association. On October 17, 2024, this Court granted the motion to dismiss of appellee and dismissed appellants' appeal as moot.

Appellants filed a motion for en banc reconsideration requesting that the Court "reverse dismissal of the appeal, vacate the trial court's judgment, and remand the case for a full examination of the underlying issues." In response to appellants' motion for en banc reconsideration, appellee argued that the Court correctly dismissed the appeal. We withdraw our October 17, 2024 opinion and issue this opinion in its stead. *See* TEX. R. APP. P. 42.1(c) ("In dismissing a proceeding, the appellate court will determine whether to withdraw any opinion it has already issued.").

"[A] suit can become moot at any time, including on appeal, and . . . courts have an obligation to take into account intervening events that may render a lawsuit moot." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 166–67 (Tex. 2012). With exceptions not applicable to this appeal, "a court cannot decide a case that has become moot during the pendency of the litigation." *Id.* at 162. A case is moot if there ceases to be a "justiciable controversy between the parties–that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome." *Id.* If a proceeding becomes moot, the court must dismiss the proceeding. *Id.*

The only issue in a forcible-detainer action is the right to actual possession of the subject property and the merits of any title dispute shall not be adjudicated. *See Tellez v. Rodriguez*, 612 S.W.3d 707, 709 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (citing TEX. R. CIV. P. 510.3(e)). An appeal from a forcible-detainer action becomes moot if the appellants are no longer in possession of the property, unless appellants hold and assert "a potentially meritorious claim of right to current, actual possession" of the property. *Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 786–87 (Tex. 2006); *see Wilhelm v. Fed. Nat. Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Gallien v. Fed. Home Loan Mortg. Corp.*, No. 01-07-00075-CV, 2008 WL 4670465, at *2–4 (Tex. App.—Houston [1st Dist.] Oct. 23, 2008, pet. dism'd w.o.j.) (mem. op.).

Appellee filed a motion to dismiss, arguing that the appeal was moot because the writ of possession was executed, and "[a]ppellants ceased to occupy the [p]roperty on May 21, 2024 upon the execution of the Writ of Possession." Appellee further argued that "the issue of possession was moot as of May 21, 2024," destroying this Court's jurisdiction over the appeal and requiring dismissal. The appellate record includes a return of writ of possession, filed in the trial court on May 29, 2024, confirming that on May 21, 2024, a writ of possession on the property was executed, and in connection with the execution of the writ of possession,

appellants were "removed from" the property and "possession of [the property was] delivered to" appellee.

Appellants did not respond to the motion to dismiss but did submit an appellants' brief. However, we conclude that appellants brief failed to assert a potentially meritorious claim of right to current, actual possession of the property. *See Marshall*, 198 S.W.3d at 787; *Wilhelm*, 349 S.W.3d at 768; *Soza v. Fed. Home Loan Mortg. Corp.*, No. 01-11-00568-CV, 2013 WL 3148616, at *1 (Tex. App.—Houston [1st Dist.] June 18, 2013, no pet.) (mem. op.) (stating that appellant who failed to respond to appellee's motion to dismiss had failed to assert potentially meritorious claim of right to current, actual possession).

Accordingly, we grant appellee's motion, vacate the trial court's judgment, and dismiss the case. *See Marshall*, 198 S.W.3d at 785, 787, 790 (concluding that case, not only appeal, was moot and that "court of appeals erred in dismissing only the appeal and leaving the trial court's judgment in place"); TEX. R. APP. P. 43.2(e). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Guerra, and Gunn, and Dokupil.