Opinion issued August 19, 2025



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-25-00498-CV

————————————

**CHRISTOPHER JEROME LANCE MOSLEY TTEE, Appellant**

**V.**

**DADDY LOVES YOU KOPIANY IRREVOCABLE TRUST AND ALICE PEABODY, POA, Appellees**

---

**On Appeal from the County Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1251209**

---

## MEMORANDUM OPINION

In this forcible-detainer action, appellant Christopher Jerome Lance Mosley TTEE appeal from the county court's judgment granting possession of certain real property to appellee, Daddy Loves You Kopiany Irrevocable Trust and Alice Peabody, POA. We dismiss the appeal as moot.

The only issue in a forcible-detainer action is the right to actual possession of the subject property; "the merits of title shall not be adjudicated." TEX. R. CIV. P. 510.3(e); *see Wilhelm v. Fed. Nat. Mortg. Ass'n*, 349 S.W.3d 766, 768 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Therefore, although the failure to supersede a forcible-detainer judgment does not divest an appellant of the right to appeal, an appeal from a forcible-detainer action becomes moot if the appellant is no longer in possession of the property, unless the appellant holds and asserts "a potentially meritorious claim of right to current, actual possession" of the property. *Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 786–87 (Tex. 2006); *see Wilhelm*, 349 S.W.3d at 768; *Gallien v. Fed. Home Loan Mortg. Corp.*, No. 01-07-00075-CV, 2008 WL 4670465, at *2–4 (Tex. App.—Houston [1st Dist.] Oct. 23, 2008, pet. dism'd w.o.j.) (mem. op.).

The record reflects that appellant did not supersede the judgment and that appellant no longer has possession of the property at issue in the underlying forcible detainer action. On July 31, 2025, this Court issued a letter informing appellant that the record indicated that the appeal is moot because appellee now has possession of the subject property. We requested that appellant file a response to whether the appeal was moot. Appellant did not respond, and therefore, has failed to assert a potentially meritorious claim of right to current, actual possession of the property. *See Marshall*, 198 S.W.3d at 787; *Wilhelm*, 349 S.W.3d at 768; *Soza v. Fed. Home*

*Loan Mortg. Corp.*, No. 01-11-00568-CV, 2013 WL 3148616, at *1 (Tex. App.—Houston [1st Dist.] June 18, 2013, no pet.) (mem. op.) (stating that appellant who failed to respond to appellee's motion to dismiss had failed to assert potentially meritorious claim of right to current, actual possession).

Accordingly, we vacate the trial court's judgment and dismiss the case as moot. *See Marshall*, 198 S.W.3d at 785, 787, 790 (when case becomes moot on appeal, appellate court must set aside trial court judgment and dismiss case); *Wilhelm*, 349 S.W.3d at 769; *Bey v. ASD Fin., Inc.*, No. 05-14-00534-CV, 2014 WL 4180933, at *1 (Tex. App.—Dallas Aug. 11, 2014, no pet.) (mem. op.) (dismissing appeal of forcible detainer action as moot because appellant no longer possessed property at issue); TEX. R. APP. P. 42.3(c). We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.