**Opinion issued February 19, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-25-00013-CV

———————————

**WHITNEY BROACH, Appellant**

**V.**

**WILMINGTON TRUST, Appellee**

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1239089**

---

## MEMORANDUM OPINION

Appellant Whitney Broach appeals from a judgment for possession of real property signed by the trial court on January 6, 2025. We vacate the trial court's judgment and dismiss the case.

The trial court's judgment awarded possession of the premises to appellee and ordered appellant to vacate the premises or file a supersedeas bond of $28,000.00 to prevent enforcement of the judgment. Appellant did not post a supersedeas bond. A writ of possession issued and on March 11, 2025, the constable posted the writ at the premises which he found to be vacant.

The Court issued a notice to appellant on September 11, 2025, stating that the Court might dismiss the appeal unless appellant asserted "a potentially meritorious claim of right to current, actual possession" of the property. *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006) (holding appeal was not moot because appellant failed to file supersedeas or voluntarily vacated premises; appeal was moot because appellant failed to assert "a potentially meritorious claim of right to current, actual possession of the [property]"). Appellant filed a response, stating that we should not dismiss because the judgment was final and appealable, the notice of appeal was timely filed, that she had medical reasons for failing to file her brief timely, and there are issues to be considered, but she failed to assert a potentially, meritorious claim of right to current, actual possession. When the case is moot as to possession and no exception applies to warrant consideration of the appeal on its merits other than regarding costs, we must vacate the trial court's judgment and dismiss the case as moot. *See id*. at 790.

Accordingly, we vacate the trial court's judgment and dismiss the case as moot. *See* TEX. R. APP. P. 43.2(e). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Caughey, and Dokupil.